IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-2228

DAN ROBERT, SSGT, U.S. ARMY,
HOLLIE MULVIHILL, SSGT, USMC, and
OTHER SIMILARLY SITUATED
INDIVIDUALS,

    Plaintiffs,

v.

LLOYD AUSTIN, in his official capacity as
Secretary of Defense, U.S. Department of
Defense,

XAVIER BECERRA, in his official capacity
as Secretary of the U.S. Department of Health
and Human Services,

JANET WOODCOCK, in her official
capacity as Acting Commissioner of the U.S.
Food & Drug Administration

    Defendants.

---

COMPLAINT

---

Plaintiffs Staff Sergeant Daniel Robert, U.S. Army, and Staff Sergeant Holli Mulvihill,

USMC, individually and on behalf of all other similarly situated active duty, National Guard, and

Reserve servicemembers, as documented survivors of COVID-19, file this action against the

Department of Defense ("DoD"), seeking a declaratory judgment that the DoD cannot force them

to take a COVID-19 vaccination under existing military regulations, federal regulations, federal

law, and the U.S. Constitution. The Secretary of Defense, Lloyd Austin (the "SECDEF") has

publicly notified Plaintiffs, via Memo, that he will seek authorization from the President of the United States of America (the "President"), to mandate the COVID-19 vaccine on or about September 15, 2021. Upon information and belief, the DoD is already vaccinating military members in flagrant violation of its legal obligations and the rights of servicemembers under federal law and the Constitution.  Army Regulation 40-562 ("AR 40-562") provides documented survivors of an infection, a presumptive medical exemption from vaccination because of the natural immunity acquired as a result of having survived the infection. "General examples of medical exemptions include the following… Evidence of immunity based on serologic tests, documented infection, or similar circumstances." AR 40-562, ¶2-6a.(1)(b). Plaintiffs also seek a declaratory judgment on the separate basis that the Emergency Use Authorization ("EUA") DoD COVID-19 Vaccine mandate, which they have been notified is imminent, cannot be issued in violation of 10 U.S.C. §1107 and its implementing regulations, including DoD Directive 6200.2, the FDA regulation of biologics at 21 C.F.R. § 50 *et seq.*, as well as the law regarding informed consent 50 U.S.C. 1520 ("The Nuremburg Code").

Neither the President, nor the SECDEF, nor the Secretary of the Department of Health and Human Services, nor the Secretary of the Food and Drug Administration have complied with the requirements of those controlling pieces of federal law. Therefore, any forced vaccination of Plaintiffs would be/are being administered in blatant violation of federal law, the attendant regulations, and the U.S Constitution, denying Plaintiffs due process of law and violating their bodies. Plaintiffs seek this relief pursuant to the Administrative Procedures Act, 5 U.S.C. §702, et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. §1651. Plaintiff also seek temporary and permanent injunctive relief preventing their forced

vaccination attendant to their claims for declaratory judgment.

## PARTIES

1.     Staff Sergeant Daniel Robert, U.S. Army, is a Drill Sargent and infantryman currently on active duty stationed at Fort Bragg, North Carolina.

2.     Staff Sergeant Holli Mulvihill, USMC, is an air traffic controller currently on active duty stationed at MCAS New River, North Carolina.

3.     Defendant, U.S. Department of Defense ("DoD"), is an agency of the United States Government. It is led by SECDEF who has publicly stated that the Department will seek authorization of the President to begin mandating the vaccination of the force on or about September 15, 2021.

4.     Defendant, Department of Health and Human Services ("HHS"), is an agency of the United States Government. It is led by Secretary Xavier Becerra.

5.     Defendant, Food and Drug Administration ("FDA"), is an agency of the United States Government. It is led by acting Secretary Janet Woodcock.

## CLASS ACTION ALLEGATIONS

6.     This action is brought by the Plaintiffs on their own behalf and on behalf of the class of all other military members similarly situated, under the provisions of FED. R. CIV. P. 23(a) and (b).

7.     The class so represented by the Plaintiffs consists of (at least) active duty and reserve component members of the United States Armed Forces and National Guard members who have already caught and recovered from COVID-19, documented and reported it to superiors and have been or will be ordered to take any COVID-19 vaccine for this public health mandate.

8.      The exact number of members of the class described above is not precisely known, but there are currently in excess of 1.8 million members of the active-duty component of the Armed Forces. The class is so numerous that joinder of individual members is impracticable, if not impossible.

9.      The relief sought is common to the entire class and there are common questions of law and fact that relate to and affect the rights of each class member. These common questions include the exact legal status under 21 U.S.C. §355 of any of the vaccines against COVID-19 that the military is using on members now and will use in the future; whether the vaccines are being used under a Presidential waiver pursuant to a specific request from the SECDEF, under 10 U.S.C. §1107; or pursuant to the Emergency Use Authorization under 10 U.S.C. §1107a; whether the proper findings and requests have been made regarding the nature and duration of the military exigency that requires a waiver of informed consent under DoD Instruction ("DoDI") 6200.02.

10.     Plaintiffs' claims are typical of the claims all members of the class could make depending upon the exact nature of the vaccines and each Defendant's actions with regard to their legal obligations. There is no conflict between Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief made herein. Indeed, Plaintiffs' claims would also apply to any military member who meets the requirements for medical exemption under AR 40-562, ¶2-6a(1)(a) or (1)(b).

11.     The Plaintiffs are representative parties for the class and are able to fairly and adequately protect the interests of the class. The attorneys for the Plaintiffs are experienced and capable in litigating the claims at issue and have engaged in substantial litigation on similar issues to these in previous litigation. Attorneys Todd Callender, Colton Boyles, David Willson, and Dale

Saran will actively conduct and be responsible for the conduct of the action on behalf of the plaintiff class.

12.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of individual adjudications to class members that would, as a practical matter, be dispositive of the interests of others not party to the litigation or would substantially impair or impede their ability to protect their interests.

13.     This action is properly maintained as a class action because the mixed questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

## JURISDICTION AND VENUE

14.     There is a legitimate controversy because the Plaintiffs in this case are already or about to be ordered to take an "Investigational New Drugs", as defined in 21 CFR 56.104(c) ("IND"), or drug unapproved for its applied use, or EUA (experimental) vaccine for a virus from which they already have the maximum possible systemic immunity by virtue of their immune systems having already defeated it; and for which they, therefore, have no need. This case implicates the most fundamental of all human rights, the right of a person to bodily integrity and to make their own choices about what will be put into their body. Upon information and belief, the DoD has already begun vaccinating members in violation of its legal obligations.

15.     Jurisdiction is proper in this Court under the Administrative Procedures Act, 5 U.S.C. §702, the Declaratory Judgment Act, 28 U.S.C. §2201, and under 28 U.S.C. §§1331, 1346, and 1361.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §1402 where members of the Plaintiff class are present in the district and directly impacted by the proposed order as members, leadership, and the physically located military reservations of the Defendant DoD in this Court's jurisdiction.

## FACTUAL BACKGROUND

17.     Army Regulation 40-562, "Immunization and Chemoprophylaxis for the Prevention of Infectious Diseases"[1] presumptively exempts from any vaccination requirement a service member that the military knows has had a documented previous infection.

18.     Plaintiffs, individually and as a class, have all previously suffered and recovered from COVID-19 infections with the development of natural immunity as demonstrated to or documented by the military.

19.     AR 40-562 was signed on Oct. 7, 2013, went into effect on Nov. 7, 2013, and remains in effect today. It applies to all branches of the military. The Regulation also applies whether the proposed COVID-19 vaccines it seeks to administer to Plaintiffs and the class are IND, as an IND under EUA, 21 USC Sec. 360bbb-3, or as a fully approved FDA vaccine.

20.     Plaintiffs and the proposed Plaintiff class of documented COVID-19 survivors file this lawsuit now upon information and belief that service members across the services have already been given a COVID-19 vaccine by the military without any of the proper political officials having complied with their legally mandated obligations under federal law, specifically 10 U.S.C. §1107

---

[1] This document is an all-service publication and has an equivalent name for each of the applicable services. We have chosen to use the Army designation throughout for ease, but these arguments apply equally under AFI 48-110, BUMEDINST 6230.15B, COMDETINST M6230.4G. *See*, AR 40-562, ¶2-6a.(1)(b).

and its implementing instructions.

21.     Long established precepts of virology demonstrate that the immunity provided by recovery from actual infection is at least as pronounced and effective, if not many times more so, than any immunity conferred by a vaccine. This is no less true of COVID-19. See **Exhibit 1** with attached CV, Expert Medical opinion of Dr. Peter A. McCullough, M.D., M.P.H. "Following the science" as it relates to COVID-19 validates and reaffirms the wisdom of maintaining long-established virology protocol, most recently codified in AR 40-562 in 2013.

22.     Service members that have natural immunity, developed from surviving the virus, should be granted a medical exception from compulsory vaccination because the DoD Instruction policy reflects the well-established understanding that prior infection provides the immune system's best possible response to the virus. "COVID-19 did not occur in anyone over the five months of the study among 2,579 individuals previously infected with COVID-19, including 1,359 who did not take the vaccine." See, e.g., **Exhibit 2**, *Necessity of COVID-19 vaccination in previously infected individuals*, Shrestha, Burke, *et al*., Cleveland Clinic.[2]

23.     Plaintiffs and the Plaintiff class should be exempted from compulsory vaccination regardless of the legal status of the vaccines with the FDA because the requirements to vitiate a military service member's right to informed consent have not been met and cannot be met by the Defendants.

24.     Federal law only allows the forced vaccination of service members with an IND *after* the SECDEF has complied with all of the legal requirements of 10 U.S.C. §1107 or §1107a,

---

[2] Plaintiffs have included a small sample of studies demonstrating the superiority of naturally acquired immunity over novel mRNA vaccines with no established safety history and unknown side-effects. See, e.g., **Exhibits 3-8**.

depending upon the status of the vaccine.

25.     DoD Instruction 6202.02 ("DoDI") states (in part) that:

The Heads of DoD Components:
…Shall, when requesting approval to use a medical product under an EUA or IND application, develop, in coordination with the Secretary of the Army, medical protocols, compliant with this Instruction, for use of the product and, if the request is approved, execute such protocols in strict compliance with their requirements…
Shall, when using medical products under a force health protection program pursuant to an EUA, comply with Enclosure 3, Federal Food Drug and Cosmetic Act section 564 (Reference (d)), section 1107a of Reference (e) and applicable FDA requirements.
Shall, when using medical products under a force health protection program pursuant to an IND application, comply with Enclosure 4, section 1107 10 U.S.C., and applicable provisions of References (e) through (g). Requirements applicable to the use of medical products under an IND application do not apply to the use of medical products under an EUA within the scope of the EUA.

26.     One of the (many) obligations that the SECDEF has with respect to use of either an IND/drug unapproved for its applied use (under §1107) or an EUA (under §1107a) is to provide detailed, written notice to the servicemember that includes information regarding (1) the drug's status as an IND, unapproved for its applied use, or EUA; (2) "[t]he reasons why the investigational new drug or drug unapproved for its applied use is being administered[;]" and (3) "the possible side effects of the investigational new drug or drug unapproved for its applied use, including any known side effects possible as a result of the interaction of such drug with other drugs or treatments being administered to the members receiving such drug."

27.     Federal law requires that the SECDEF  requests to the President for a written authorization to waive a servicemember's right to informed consent include the certification that such vaccination is required as to a particular member's participation in a *specified military operation* that contains the following additional criteria:

(i) The extent and strength of evidence of the safety and effectiveness of the Investigational

New Drug in relation to the medical risk that could be encountered during the military operation, supports the drug's administration under an IND; and

(ii) The specified military operation presents a substantial risk that military personnel may be subject to a chemical, biological, nuclear, or other exposure *likely to produce death or serious or life-threatening injury or illness*; and

(iii) *That there is no available satisfactory alternative therapeutic or preventive treatment in relation to the intended use of the investigational new drug*; and

(iv) that conditioning the use of the investigational new drug upon voluntary participation of each member could significantly risk the safety and health of any individual member who would decline its use, the safety of other military personnel, and the accomplishment of the military mission[,] which remains undefined at this time (emphasis added).

28.      The relevant Defendants have not complied with these requirements and upon information and belief have been engaged in an ongoing pattern of intentional vaccination of servicemembers in knowing violation of these obligations and servicemembers' rights.

29.      The applicable section of the Federal Food, Drug, and Cosmetic Act (Title 21, Chapter 9) regarding EUA of biologics for the military is found at 21 U.S.C. §360bbb-3. It contains a lengthy list of requirements for either the Secretary of the Department of Homeland Security, the Secretary of Defense, the Secretary of the FDA, including detailed findings regarding the exact military contingency that the Secretary of Defense has used to go to the President in order to override servicemembers' right of informed consent before the administration of any EUA drug or device.

30.      The Defendants have not complied and cannot comply with their respective

requirements to support the DoD's actions in vitiating the informed consent rights of servicemembers regarding these unapproved biologics because:

(a) these drugs are not being used in response to any specific military threat in a theater of operations, but rather are a naked attempt to leverage the Plaintiffs' military status against them in order to move forward with an unnecessary public health mandate;

(b) there is near zero risk to healthy, fit, young men and women of the U.S. Armed Services, and

(c) there are numerous safe, long-standing, proven alternative treatments (such as ivermectin, "anti-infective oral and nasal sprays and washes, oral medications, and outpatient monoclonal antibodies, which are 'approved' drugs by the Food and Drug Administration and highly effective in preventing and treating COVID-19")[3] and the existence of such treatments is a legal bar to the use of an EUA or IND without informed consent.

### FIRST CAUSE OF ACTION
### (VIOLATION OF ADMINISTRATIVE PROCEDURE ACT)

31.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

32.     The United States Government, acting through the DoD, violated its own regulations, DoDI 6200.02 and AR 40-562, by ignoring the Plaintiffs right to informed consent and vaccinating members of the armed forces without complying with applicable federal law and implementing regulations.

33.     Defendants' failure to follow federal law and regulations creates a legal wrong

---

[3] See **Exhibit 1**, Expert Medical Opinion of Dr. Peter McCullough.

against Plaintiffs.

34.     As a result of Defendants' unlawful actions, Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice ("UCMJ"), to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of Defendants' illegal scheme and actions.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF 10 U.S.C. §1107)**

35.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

36.     This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's moral and statutory obligations.

37.     The United States Government, acting through the DoD, violated a federal statute, namely 10 U.S.C. §1107, as well as DoDI 6200.02, when it illegally required or stated it would require or mandate members of the class of Plaintiffs who have already had the virus to submit to COVID-19 vaccinations in an IND or "unapproved for their applied use" status.

38.     As a result of Defendants' unlawful actions, Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow

service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.

## THIRD CAUSE OF ACTION
### (VIOLATION OF 10 U.S.C. §1107a)

39.    Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

40.    This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's moral and statutory obligations.

41.    The United States Government, acting through the DoD, HHS, and FDA, violated a federal statute, namely 10 U.S.C. §1107a, as well as 21 U.S.C. §355, DoDI 6200.02, when it illegally required or threatened to mandate members of the class of Plaintiffs who have already had the virus, to submit to COVID-19 vaccinations in an EUA status. Even though not currently lawfully mandated by SECDEF and other Defendants, many Plaintiffs, e.g., service members, have been ordered, or coerced by virtue of military structure and rank, to submit to taking the vaccine.

42.    As a result of Defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.

## FOURTH CAUSE OF ACTION
### (VIOLATION OF 50 U.S.C. §1520)

43.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

44.     This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's moral and statutory obligations.

45.     The United States Government, acting through the DoD, HHS, and FDA, violated a federal statute, namely 50 U.S.C. §1520, when it illegally required members of the class of Plaintiffs who have already had the virus to submit to COVID-19 vaccinations in any FDA status. The right of informed consent is one of the sacrosanct principles that came out of the Nazi Doctor Tribunals conducted at Nuremburg. The overriding legal principle was that no State, not even the United States, may force its citizens to undergo unwanted medical procedures merely by declaring an emergency.[4]

46.     As a result of Defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.

**WHEREFORE**, Plaintiffs respectfully ask this Court to:

---

[4] If this were the correct legal principle, then the Nazi doctors were wrongly tried and convicted as Germany was in a declared state of emergency at the time of the Nazi medical experiments.

A.  Find that the use of investigational new drugs or drugs unapproved for their applied use is illegal until and unless the Secretary of Defense complies with his statutory requirements in requesting a waiver of informed consent and until the President makes the requisite finding under 10 U.S.C. §1107; and

B.  Find that all members of the Plaintiffs' class are still entitled to a medical exemption from vaccination even after the Defendants have complied with their legal obligations under the implementing DoDI 6200.02;

Alternatively, if applicable,

C.  Find that the use of vaccines under an EUA is illegal until and unless all of the Defendants comply with their statutory obligations in requesting a waiver of informed consent under 10 U.S.C. §1107a and the implementing regulations and laws;

D.  Find that all members of the Plaintiffs' class are still entitled to a medical exemption from vaccination even after the Defendants have complied with their legal obligations under DoDI 6200.02;

Plaintiffs also ask this Honorable Court to:

E.  Find and declare that any order issued by DoD requiring the Plaintiffs to receive inoculation with COVID-19 vaccines are patently unlawful;

F.  Enjoin the DoD from vaccinating any service members until this action has completed and the status of any vaccine has been determined and the requirements for taking away Plaintiffs' rights of informed consent have been met; and

G.  Award Plaintiffs their costs and attorneys' fees and any other relief this Court may

find appropriate.


Date:   August 17, 2021

                                    Respectfully submitted,


                                    s/ Todd Callender
                                    *Todd Callender, Esq.*
                                    Colorado Bar #25981
                                    600 17th St., Suite 2800 South
                                    Denver, CO 80202
                                    Telephone: (720) 704-7929
                                    Email: todd.callender@cotswoldgroup.net
                                    Attorney for the Plaintiffs


Of Counsel:

David Willson, Esq.
P.O. Box 1351
Monument, CO 80132
Telephone: (719) 648-4176

D. Colton Boyles, Esq.
Boyles Law, PLLC
217 Cedar Street, Suite 312
Sandpoint, Idaho 83864
Telephone: (208) 304 - 6852
Email: Colton@CBoylesLaw.com

Dale Saran
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 508-415-8411