IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**DANIEL ROBERT** *
SSG, U.S. ARMY *
*
**HOLLIE MULVIHILL** *
SSGT, USMC *
*
**Plaintiffs,** *
*
v. *
* **Civil Action No. 1:21-CV-2228cv-002228**

DAN ROBERT, SSGT, U.S. ARMY,
HOLLIE MULVIHILL, SSGT, USMC,
and
OTHER SIMILARLY SITUATED INDIVIDUALS,

Plaintiffs,

v.

LLOYD AUSTIN, in his official capacity as Secretary of Defense, U.S. Department of Defense,

XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,

JANET WOODCOCK, in her official capacity as Acting Commissioner of the U.S. Food & Drug Administration

Defendants.

---

**LLOYD AUSTIN** *
Secretary of Defense, *
U.S. DEPARTMENT OF DEFENSE *
Washington, D.C. 20301 *

and

**XAVIER BECERRA**
Secretary of the U.S. Department of Health and Human Services
U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

and

**JANET WOODCOCK**, Acting Commissioner of the Food & Drug Administration
U.S. FOOD AND DRUG ADMINISTRATION

UNITED STATES OF AMERICA

**Defendants.**

# AMENDED COMPLAINT

Plaintiffs Staff Sergeant Daniel Robert, U.S. Army, and Staff Sergeant ~~Holli~~Hollie Mulvihill, USMC, individually and on behalf of all other similarly situated active duty, National Guard, and Reserve ~~servicemembers, as documented survivors of COVID-19, file this action against the Department of Defense ("DoD"), seeking a declaratory judgment that the DoD~~service members that are subject to Department of Defense (DOD) regulations, and who have been ordered to take a COVID-19 vaccine[1] by order of the Secretary of Defense (SECDEF), Lloyd Austin, who is the current civilian appointee in that role. Plaintiffs file this action seeking a declaratory judgment and

[1] Plaintiffs use the common vernacular "vaccine" to refer to the mRNA products in the complaint, but do not concede that these products qualify as such because they do not contain any live or attenuated – or even any piece – of the SARS-CoV-2 virus. These drugs are DNA-altering injectables designed to cause the body to mimic the 'spike protein' that is the relevant mechanism of harm of SARS-CoV-2 "COVID-19".

injunction against the Defendants to prohibit them from inoculating Plaintiffs with unlicensed products in violation of the law. Plaintiffs claim that the DOD cannot force them to take a COVID-19 vaccination under existing military regulations, federal regulations, federal law, and the U.S. Constitution. The ~~Secretary of Defense, Lloyd Austin (the “SECDEF”)~~DOD has publicly notified Plaintiffs, via ~~Memo~~Memorandum by Defendant Austin, that ~~he will seek authorization from the President of the United States of America (the “President”),~~they are to ~~mandate the COVID-19 vaccine on or about September 15, 2021. Upon information~~be vaccinated immediately. Each of the services have promulgated orders and ~~belief, the DoD is~~ instructions effectuating this requirement.

SECDEF and DOD are already ~~vaccinating~~coercing and forcing military members to be injected with unlicensed drugs in ~~flagrant~~ violation of ~~its legal obligations and the rights of servicemembers under~~ federal law and the U.S. Constitution. Federal statutes 10 U.S.C. §1107 and 10 U.S.C. §1107a prohibit the use of any unlicensed vaccines whatsoever on service members without their informed consent without an express Presidential waiver of Plaintffs’ rights. Plaintiffs seek declaratory and injunctive relief because the DoD is using an Emergency Use Authorization (“EUA”) COVID-19 vaccine in violation of 21 U.S.C. §360bbb-3 (the EUA statute), 10 U.S.C. §1107a, DoD Directive 6200.02, the FDA regulation of biologics at 21 C.F.R. §50 *et seq.*, as well as the law regarding informed consent 50 U.S.C. 1520 (“The Nuremburg Code”).

As documented survivors of COVID-19, Army Regulation 40-562 ~~(“~~(AR 40-562~~”)~~) provides ~~documented survivors of an infection,~~anyone who has already had a virus a *presumptive* medical exemption from vaccination because of the natural immunity acquired as a result of having survived ~~the~~such an infection. “General examples of

medical exemptions include the following… Evidence of immunity based on serologic tests, documented infection, or similar circumstances.” AR 40-562, ¶2-6a.(1)(b). ~~Plaintiffs also seek a declaratory judgment on the separate basis that the Emergency Use Authorization (“EUA”) DoD COVID-19 Vaccine mandate, which they have been notified is imminent, cannot be issued in violation of 10 U.S.C. §1107 and its implementing regulations, including DoD Directive 6200.2, the FDA regulation of biologics at 21 C.F.R. § 50 *et seq*., as well as the law regarding informed consent 50 U.S.C. 1520 (“The Nuremburg Code”).~~Defendants are systematically denying Plaintiffs these exemptions in violation of DOD regulations.

Neither the President, nor the ~~SECDEF~~Secretary of Defense, nor the Secretary of the Department of Health and Human Services, nor the Secretary of the Food and Drug Administration have complied with the requirements of ~~those~~ controlling pieces of federal law. Therefore, any ~~forced~~involuntary vaccination of Plaintiffs ~~would be/are being administered~~is in ~~blatant~~direct violation of ~~federal law, the attendant~~U.S. statutes, applicable regulations under the Code of Federal Regulations, and the U.S Constitution~~, denying~~. Plaintiffs ~~due process of law and violating~~who have already had COVID-19 are being denied Equal Protection of the laws under the 14th Amendment by being treated differently than their ~~bodies.~~similarly situated peers in the military who have only simulated immunity from an mRNA injectable, while Plaintiffs have at least as effective naturally acquired immunity through exposure to the complete virus.

Plaintiffs seek this relief pursuant to 10 U.S.C. §§1107 and 1107a, the Administrative Procedures Act, 5 U.S.C. §702, *et seq*., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201*,* and the All Writs Act, 28 U.S.C. §1651. ~~Plaintiff~~Plaintiffs also

seek temporary and permanent injunctive relief preventing their forced vaccination attendant to their claims for declaratory judgment.

**PARTIES**

1. Staff Sergeant Daniel Robert, U.S. Army, is ~~a Drill Sargent and~~an infantryman currently on active duty stationed at Fort Bragg, North Carolina.

2. Staff Sergeant ~~Holli~~Hollie Mulvihill, USMC, is an air traffic controller currently on active duty stationed at MCAS New River, North Carolina.

3. That class of people in the Armed Forces who are similarly situated to the named Plaintiffs and subject to the mandatory declarations and orders of the Department of Defense in relation to the compulsory use of Covid-19 vaccines.

~~3.~~4. Defendant~~,~~ U.S. Department of Defense ~~("DoD"),~~ is an agency of the United States Government. It is led by ~~SECDEF~~Secretary of Defense Lloyd Austin who ~~has publicly stated that~~on or about 24 August 2021 directed the ~~Department will seek authorization of the President to begin mandating the~~mandatory vaccination of ~~the force on or about September 15, 2021~~service members, beginning immediately.

~~4.~~5. Defendant~~,~~ Department of Health and Human Services ~~("~~(HHS~~"),~~) is an agency of the United States Government. It is led by Secretary Xavier Becerra.

~~5.~~6. Defendant~~,~~ Food and Drug Administration ("FDA~~"),~~") is an agency of the United States Government. It is led by acting Secretary Janet Woodcock.

**CLASS ACTION ALLEGATIONS**

~~6.~~7. This action is brought by the Plaintiffs on their own behalf and on behalf of the class of all other military members similarly situated, under the provisions of Fed. R. Civ. P. ("FRCP") 23(a) and (b).

~~7.~~8. The class so represented by the Plaintiffs consists of (at least) the active duty and reserve component members of the United States Armed Forces~~ and~~, National Guard members affected by this order who either have already ~~caught and~~ recovered from COVID-19, ~~documented and reported it to superiors and have been or will be~~ as well as all service members ordered to take any COVID-19 vaccine ~~for this public health mandate~~pursuant to the SECDEF order.

~~8.~~9. The exact number of members of ~~the~~this class described above is not precisely known, but there are currently in excess of 1.8 million members of the active-duty component of the Armed Forces~~.~~ subject to this order. The class is so numerous that joinder of individual members is impracticable, if not impossible.

~~9.~~10. The relief sought is common to the entire class and there are common questions of law and fact that relate to and affect the rights of each class member. These common questions include the exact legal status under 21 U.S.C. §355 of any of the COVID-19 vaccines~~ against COVID-19~~ that the military is using on members now and will use in the future; whether the vaccines are properly licensed or being used under a Presidential waiver pursuant to a specific request from ~~the SECDEF,~~Defendant Austin under 10 U.S.C. §1107~~;~~, or pursuant to the Emergency Use Authorization under 10 U.S.C. §1107a; and whether Defendant Austin is following the requirements of his own regulations. Certain defenses raised by the ~~proper findings and requests have been made regarding~~ Plaintiffs would apply equally to all members of the ~~nature and duration of the military exigency that requires a waiver of informed consent under DoD Instruction ("DoDI") 6200.02.~~ class.

~~10.~~11. The Plaintiffs' claims are typical of the claims all members of the class

could make depending upon the exact nature of the vaccines and each Defendant's actions with regard to their legal obligations. There is no conflict between Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief made herein. Indeed, Plaintiffs' claims would also apply to any military member ordered to take the vaccine, or who meets the requirements for medical exemption under AR 40-562, ¶2-6a(1)(a) or (1)(b).

~~11.~~12. The Plaintiffs are representative parties for the class and are able to fairly and adequately protect the interests of the class. The attorneys for the Plaintiffs are experienced and capable in litigating the claims at issue and have engaged in substantial litigation on similar issues to these in previous litigation. Attorneys Todd Callender, ~~Colton Boyles, David Willson,~~John Michels Jr., and Dale Saran will actively conduct and be responsible for the conduct of the action on behalf of the plaintiff class.

~~12.~~13. This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of individual adjudications to class members that would~~,~~ as a practical matter~~,~~ be dispositive of the interests of others not party to the litigation or would substantially impair or impede their ability to protect their interests.

~~13.~~14. This action is properly maintained as a class action because the mixed questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

**JURISDICTION AND VENUE**

~~14.~~15. There is a legitimate controversy because the ~~Plaintiffs~~plaintiffs in this

case ~~are already or about to be~~have been ordered to take an ~~"Investigational New Drugs", as defined in 21 CFR 56.104(c) ("~~IND~~"),~~ or drug unapproved for its applied use, or EUA (experimental) vaccine ~~for a virus~~ without their informed consent and/or from which they ~~already have the maximum possible systemic~~have natural immunity by virtue of ~~their immune systems~~ having already ~~defeated it; and for which they, therefore, have no need.~~recovered from the virus. The orders are a clear violation of the provisions of 10 U.S.C.§ 1107 and 10 U.S.C. §1107a, as well as a violation of DOD regulations regarding vaccine exemptions for previously infected personnel. This case also implicates the most fundamental of all human rights, the right of a person to bodily integrity and to make their own choices about what will be put into their body. ~~Upon information and belief, the DoD~~The case is neither speculative nor hypothetical as Defendant DOD has already begun coercing and vaccinating members in violation of its legal obligations.

16. Jurisdiction is proper in this Court under the Administrative Procedures Act, 5 U.S.C. §702, the Declaratory Judgment Act, 28 U.S.C. §2201, and under

~~15.~~ 28 U.S.C. §§1331, 1346, and 1361.

~~16.~~17. Venue is proper in this Court pursuant to 28 U.S.C. §1402 where members of the Plaintiff class are ~~present in the district and directly impacted by the proposed order as members, leadership, and the~~ physically located in the district aboard military reservations of the Defendant DoD ~~in this Court's jurisdiction~~and are directly affected by the proposed order.

**FACTUAL BACKGROUND**

~~17. Army Regulation 40-562, "Immunization and Chemoprophylaxis for the~~

Prevention of Infectious Diseases"[2] presumptively exempts from any vaccination requirement a service member that the military knows has had a documented previous infection.

18.1. Plaintiffs, individually and as a class, have all previously suffered and recovered from COVID-19 infections with the development of natural immunity as demonstrated to or documented by the military.

19. AR 40-562 was signed on Oct. 7, 2013, went into effect on Nov. 7, 2013, and remains in effect today. It applies to all branches of the military. The Regulation also applies whether the proposed COVID-19 vaccines it seeks to administer to Plaintiffs and the class are IND, as an IND under EUA, 21 USC Sec. 360bbb-3, or as a fully approved FDA vaccine.

20. Plaintiffs and the proposed Plaintiff class of documented COVID-19 survivors file this lawsuit now upon information and belief that service members across the services have already been given a COVID-19 vaccine by the military without any of the proper political officials having complied with their legally mandated obligations under federal law, specifically 10 U.S.C. §1107 and its implementing instructions.

18. Long established precepts of virology demonstrate that the immunity provided by recovery from actual infection is at least as pronounced and effective, if not many times more so, than any immunity conferred by a vaccine. This is no less true of COVID-19. See **Exhibit 1**On 23 August 2021 Defendant FDA issued a "BLA Approval" letter to vaccine manufacturers Pfizer, Inc. ("Pfizer") and Pfizer's partner, BioNTech

[2] This document is an all-service publication and has an equivalent name for each of the applicable services. We have chosen to use the Army designation throughout for ease, but these arguments apply equally under AFI 48-110, BUMEDINST 6230.15B, COMDETINST M6230.4G. *See*, AR 40-562, ¶2-6a.(1)(b).

Manufacturing Gmbh, in Mainz, Germany. The letter reflects FDA's issuance of a U.S. license to manufacture and market a COVID-19 vaccine labeled with the proprietary name "COMIRNATY." See Exhibit 9, BLA Approval Letter, pp. 1-2, 23 Aug 2021.

19.     On the same date, 23 August 2021, RADM Denise Hinton, Chief Scientist of Defendant FDA, sent a letter to Pfizer advising it that the Emergency Use Authorization ("EUA") previously issued by the FDA for Pfizer-BNT162b2 COVID-19 vaccine ("Pfizer BNT") would *remain in place*. The letter specifically states that the Pfizer-BNT produced vaccine is "legally distinct" from the COMIRNATY vaccine. See Exhibit 10, Hinton Letter to Pfizer Inc., fn. 8 and 9, 23 Aug 2021.

20.     Also on 23 August 2021, Pfizer issued a notice to "Health Care Professionals" indicating that while most of the Pfizer-BNT vaccine was only usable under its current EUA, several lots of the vaccine were in compliance with the 23 August 2021 BLA Approval Letter from FDA for COMIRNATY and therefore licensed for administration to individuals 16 years of age and older. Seven production lots were identified as being covered by the BLA approval. The memo clearly notes that all other lots of the Pfizer-BNT vaccine remained EUA and **were not** subject to the BLA license for COMIRNATY issued by the FDA. See Exhibit 11, Boyce Letter, Notice to Healthcare Professionals, 23 Aug 2021.

21.     Also on 23 August 2021, Pfizer and BioNTech issued a COVID-19 "Vaccine EUA Fact Sheet for Recipients and Caregivers." The fact sheet states in pertinent part:

> "**This EUA** for the Pfizer-BioNTech COVID-19 Vaccine and COMIRNATY will end when the Secretary of HHS determines that the circumstances justifying the EUA no longer exist or when there is a change in the approval status of the product such that an EUA is no longer needed."

(Emphasis added). See Exhibit 12, Vaccine EUA Fact Sheet, pg. 8, last sentence, 23 August 2021.

22.     The FDA's website and documents also list the Pfizer-BNT vaccine as being under an EUA; the labeling for the vaccine also continues to show that the Pfizer-BNT vaccine is an EUA product as of the date of the filing of this Amended Complaint.

23.     On 24 August 2021, Defendant Austin issued a DOD-wide Memorandum directing "the Secretaries of the Military Departments to immediately begin full vaccination of all members of the Armed Forces under DOD authority on active duty or in the Ready Reserve, including the National Guard who are not fully vaccinated against COVID-19."

24.     Defendant Austin's memo states that, "Those with previous COVID-19 infection are not considered fully vaccinated."

25.     Defendant Austin's Memorandum further states that, "Mandatory vaccination against COVID-19 will *only* use COVID-19 vaccines that receive *full licensure* from the Food and Drug Administration…" (emphasis added). See Exhibit 13, SECDEF Memo of 24 Aug 2021.

26.     Commanders within Defendant DOD moved quickly to begin vaccination of their units of following Defendant Austin's Memorandum. Because there was no COMINARTY vaccine available, all DOD units are using the EUA Pfizer-BNT vaccine that is not yet licensed by FDA. See Exhibit 14, Office of The Judge Advocate General SJA Update, pg. 2, 10 September 2021.

27.     In fact, various units within DOD received guidance that they could involuntarily vaccinate service members with unlicensed vaccines. This was ultimately

expanded to a service-wide practice. See Exhibit 15, Asst. Secretary of Defense Memorandum "Mandatory Vaccination of Service Members Using the Pfizer-BioNTech COVID-19 and COMIRNATY COVID-19 Vaccines," 14 September 2021; Exhibit 16, Dept. of the Navy, Bureau of Medicine and Surgery Memorandum, Subject: Interchangeability of the FDA-Approved Pfizer-BioNTech Vaccine COMIRNATY and FDA-Authorized Pfizer-BioNTech Vaccine Under EUA, 3 September 2021.

28. As of the filing of this Amended Complaint, no COMINARTY vaccine has been used in the thousands of involuntary inoculations administered by Defendant DOD. In addition, there has been no attempt by DOD to identify or use only vaccine from the seven lots apparently covered by the FDA license. DOD organizations, in violation of federal law and SECDEF Austin's explicit direction, are using an unlicensed vaccine to inoculate service members based on DOD guidance that COMINARTY and Pfizer-BNT are "interchangeable." See Exhibit 10, at pg. 2.

29. Failure by service members to submit to the illegal orders of their superiors requiring vaccination are and will result in administrative, non-judicial, and judicial punishment under the Uniform Code of Military Justice and service regulations. Id.

~~21.~~ There are significant, critical legal limitations on DOD's ability to involuntarily inoculate service members. ~~with attached CV, Expert Medical opinion of Dr. Peter A. McCullough, M.D., M.P.H. "Following the science" as it relates to COVID-19 validates and reaffirms the wisdom of maintaining long-established virology protocol, most recently codified in AR 40-562 in 2013.~~

~~22. Service members that have natural immunity, developed from surviving the~~

virus, should be granted a medical exception from compulsory vaccination because the DoD Instruction policy reflects the well-established understanding that prior infection provides the immune system's best possible response to the virus. "COVID-19 did not occur in anyone over the five months of the study among 2,579 individuals previously infected with COVID-19, including 1,359 who did not take the vaccine." See, e.g., **Exhibit 2**, *Necessity of COVID-19 vaccination in previously infected individuals*, Shrestha, Burke, *et al*., Cleveland Clinic.[3]

23. Plaintiffs and the Plaintiff class should be exempted from compulsory vaccination regardless of the legal status of the vaccines with the FDA because the requirements to vitiate a military service member's right to informed consent have not been met and cannot be met by the Defendants.

24.30. Federal law only allows the forced vaccination of service members with an IND or unlicensed vaccine **after** the SECDEFSecretary of Defense has complied with all of the legal requirements of 10 U.S.C. §1107 or §1107a, depending upon the status of the vaccine.

31. 10 U.S.C. §1107 states in pertinent part:

(a) Notice Required.

(1) Whenever the Secretary of Defense requests or requires a member of the armed forces at the end to receive an investigational new drug or a drug unapproved for its applied use, the Secretary shall provide the member with notice containing the information specified in subsection (d)…

[3] Plaintiffs have included a small sample of studies demonstrating the superiority of naturally acquired immunity over novel mRNA vaccines with, which have no established safety history and unknown side-effects. See, e.g., **Exhibits 3-8**.

(f) Limitation and Waiver.—

(1) In the case of the administration of an investigational new drug or a drug unapproved for its applied use to a member of the armed forces in connection with the member's participation in a particular military operation, the requirement that the member provide prior consent to receive the drug in accordance with the prior consent requirement imposed under section 505(i)(4) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. 355(i)(4)) **may be waived only by the President**. The President may grant such a waiver only if the President determines, in writing, that obtaining consent is not in the interests of national security. (emphasis added).

32. 10 U.S.C. 1107a states in pertinent part:

(a) Waiver by the President —

(1) In the case of the administration of a product authorized for emergency use under section 564 of the Federal Food, Drug, and Cosmetic Act to members of the armed forces, the condition described in section 564(e)(1)(A)(ii)(III) of such Act and required under paragraph (1)(A) or (2)(A) of such section 564(e), designed to ensure that individuals are informed of an option to accept or refuse administration of a product, **may be waived only by the President only** if the President determines, **in writing**, that complying with such requirement is not in the interests of national security (emphasis added).

33. As of the date of this filing, there has been no such waiver of servicemembers' right to informed consent issued by the President of the United States.

~~25.~~34. DoD Instruction 6202.02 ("DoDI") states (in part) that~~:~~ –

> The Heads of DoD Components:
>
> …Shall, when requesting approval to use a medical product under an EUA or IND application, develop, in coordination with the Secretary of the Army, medical protocols, compliant with this Instruction, for use of the product and, if the request is approved, execute such protocols *in strict compliance* with their requirements~~….~~[;]
>
> …Shall, when using medical products under a force health protection program pursuant to an EUA, comply with Enclosure 3, Federal Food Drug and Cosmetic Act section 564 (Reference (d)), section 1107a of Reference (e) and applicable FDA requirements~~.~~[;]
>
> …Shall, when using medical products under a force health protection program pursuant to an IND application, comply with Enclosure 4, section 1107 of 10 U.S.C., and applicable provisions of References (e) through (g). Requirements applicable to the use of medical products under an IND application do not apply to the use of medical products under an EUA within the scope of the EUA.

~~26.~~35. One of the ~~(many)~~ obligations that ~~the~~Defendant SECDEF Austin has with respect to use of ~~either~~ an IND/drug unapproved for its applied use (under §1107~~) or an EUA (under §1107a~~) is to provide detailed, written notice to the servicemember that includes information regarding (1) the drug's status as an IND, unapproved for its applied use~~, or EUA~~; (2) "[t]he reasons why the investigational new drug or drug unapproved for its applied use is being administered[;]" and (3) "the possible side effects of the investigational new drug or drug unapproved for its applied use, including any known side effects possible as a result of the interaction of such drug with other drugs or treatments being administered to the members receiving such drug."

~~27.~~36. ~~Federal~~This federal law also requires that ~~the~~Defendant SECDEF ~~requests~~Austin's request to ~~the~~ President Biden for a ~~written authorization to waive~~waiver of a ~~servicemember's~~service member's right to informed consent include the certification that such vaccination is required as to a particular member's participation in a **specified military operation** that contains the following additional criteria:

(i) The extent and strength of evidence of the safety and effectiveness of the Investigational New Drug in relation to the medical risk that could be encountered

during the military operation, supports the drug's administration under an IND; and

(ii) The specified military operation presents a substantial risk that military personnel may be subject to a chemical, biological, nuclear, or other exposure likely to produce death or serious or life-threatening injury or illness; and

(iii) That there is no available satisfactory alternative therapeutic or preventive treatment in relation to the intended use of the investigational new drug; and

(iv) that conditioning the use of the investigational new drug upon voluntary participation of each member could significantly risk the safety and health of any individual member who would decline its use, the safety of other military personnel, and the accomplishment of the military mission~~[,] which remains undefined at this time (emphasis added).~~ […]

~~28. The relevant Defendants have not complied with these requirements and upon information and belief have been engaged in an ongoing pattern of intentional vaccination of servicemembers in knowing violation of these obligations and servicemembers' rights.~~

At this time, no such military mission has been defined.

~~29.~~37. The applicable section of the Federal Food, Drug, and Cosmetic Act (Title 21, Chapter 9) regarding ~~EUA~~Emergency Use Authorization of biologics ~~for the~~on military members is found at ~~21~~10 U.S.C. §~~360bbb-3. It contains~~1107a. This statute also requires nothing less than a ~~lengthy list~~written Presidential waiver of ~~requirements for either the Secretary of the Department of Homeland Security, the Secretary of Defense, the Secretary of the FDA, including detailed findings regarding the exact military~~

~~contingency that the Secretary of Defense has used to go to the President in order to override servicemembers'~~service members' right ~~of~~to informed consent ~~before the administration of any EUA drug or device~~.

~~30.~~38. The ~~Defendants~~Defendant Secretaries have not complied ~~and cannot comply~~ with the law and their respective requirements to support the DoD's actions in vitiating the informed consent rights of servicemembers regarding these unapproved biologics ~~because~~:

(a) these drugs are not being used in response to any specific military threat in a theater of operations, but rather are ~~a naked attempt to leverage the Plaintiffs' military status against them in order~~being used to move forward with an unnecessary public health mandate;

(b) there is near zero risk to healthy, fit, young men and women of the U.S. Armed Services to COVID-19, and

(c) there are numerous safe, long-standing, proven alternative treatments ~~(~~, such as ivermectin, ~~"~~anti-infective oral and nasal sprays and washes, oral medications, and outpatient monoclonal antibodies, which are 'approved' drugs by the Food and Drug Administration and highly effective in preventing and treating COVID-19~~")~~[4], and the existence of such treatments is a legal bar to the use of an EUA or IND ~~without informed consent.~~under 21 U.S.C. §360bbb-3(c)(3)("The Secretary may issue an authorization under this section with respect to the emergency use of a product only if…the Secretary concludes… that there is no adequate, approved, and available alternative to the product for diagnosing, preventing, or treating such disease or condition[.]").

[4] See **Exhibit 1**~~, Expert Medical Opinion of Dr. Peter McCullough.~~

39. In addition, Army Regulation 40-562 "Immunization and Chemoprophylaxis for the Prevention of Infectious Diseases"[5] presumptively exempts from any vaccination requirement a service member that the military knows has had a documented previous infection.

40. Plaintiffs, individually, and as class members have previously suffered and recovered from COVID-19 infections with the development of natural immunity as demonstrated to or documented by the military.

41. AR 40-562 was signed on Oct. 7, 2013, went into effect on Nov. 7, 2013, and remains in effect today. It applies to all branches of the military. The Regulation also applies whether the proposed COVID-19 vaccines Defendant DoD seeks to administer to Plaintiffs and the class are "Investigational New Drugs" as defined in 21 CFR 56.104(c) ("IND"), an IND under Emergency Use Authorization, 21 USC Sec. 360bbb-3 ("EUA"), or a fully approved FDA vaccine for other illnesses such as chicken pox, measles, or mumps, for example.

42. At the time of Defendant Austin's memorandum, there was more than sufficient evidence to establish that previous infection with COVID-19 provided greater immunity to an individual that the Pfizer-BNT or COMIRNATY vaccine. See Exhibit 1 of original complaint with attached CV, Expert Medical opinion of Dr. Peter A. McCullough, M.D., M.P.H. See also "Comparing SARS-CoV-2 natural immunity to vaccine-induced immunity: reinfections versus breakthrough infections," Gazit, Shlezinger, et al., (preprint study examining ~26% of the Israeli population from Mar. 1,

[5] This document is an all-service publication and has an equivalent name for each of the applicable services. We have chosen to use the Army designation throughout for ease, but these arguments apply equally under AFI 48-110, BUMEDINST 6230.15B, COMDETINST M6230.4G. *See*, AR 40-562, ¶2-6a.(1)(b).

2020 – Aug. 14, 2021)[6].

43. Service members that have natural immunity from surviving the virus should be granted a medical exception from compulsory vaccination because the DoD Instruction reflects the well-established understanding that prior infection provides the immune system's best possible response to the virus, as opposed to simulated infection with something other than the virus itself. "COVID-19 did not occur in anyone over the five months of the study among 2579 individuals previously infected with COVID-19, including 1359 who did not take the vaccine." See, e.g., Exhibit 2 to original complaint, *Necessity of COVID-19 vaccination in previously infected individuals*, Shrestha, Burke, et al., Cleveland Clinic.[7] "Following the science" as it relates to COVID-19 validates and reaffirms the wisdom of maintaining long-established virology protocol, codified by Defendant DOD's own experts in AR 40-562 in 2013.

44. At a minimum, Defendant DOD should be ordered to stop its universal vaccination policy of all personnel, even with the licensed product when it becomes available, until DOD can assess the immunological condition of COVID-19 survivors within its ranks and decide whether the vaccination is necessary to provide a desired level of protection or immunity.

**FIRST CAUSE OF ACTION**
**(VIOLATION OF ADMINISTRATIVE PROCEDURE ACT)**

~~31.~~45. Plaintiffs reallege ~~the~~all facts in Paragraphs 1 through ~~30~~44 as if fully set forth in this Count.

---

[6] Available for download here: https://doi.org/10.1101/2021.08.24.21262415
[7] Plaintiffs' original complaint included Exhibits 3-8, a sample of studies demonstrating the superiority of naturally acquired immunity over novel mRNA vaccines, which have no established safety history and unknown side-effects. Those Exhibits are hereby incorporated into the Amended Complaint.

~~32.~~46. ~~The United States Government~~Defendant DOD, acting through ~~the DoD~~its Secretary, violated its own regulations, DoDI 6200.02 and AR 40-562, by ignoring the Plaintiffs right to informed consent and vaccinating members of the armed forces without complying with applicable federal law and implementing regulations.

~~33.~~47. The Defendants' failure to follow federal law and regulations creates a legal wrong against the Plaintiffs.

~~34.~~48. As a result of ~~Defendants'~~the defendants' unlawful actions, the Plaintiffs have suffered or will suffer damages, including being required to take an ~~unnecessary~~unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice ~~("UCMJ"), to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of Defendants' illegal scheme and actions.~~(UCMJ), including adverse administrative action that would characterize Plaintiffs' voluntary service as "other than honorable."

**SECOND CAUSE OF ACTION**

**(VIOLATION OF 10 U.S.C. §1107)**

~~35.~~49. Plaintiffs reallege the facts in Paragraphs 1 through ~~30~~44 as if fully set forth in this Count.

~~36.~~50. This case involves an actual controversy surrounding the legality of ~~any~~ orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's ~~moral and~~ statutory obligations.

~~37.~~51. The United States Government, acting through the DoD, violated a federal statute, namely 10 U.S.C. §1107, as well as DoDI 6200.02, when it illegally required ~~or stated it would require or mandate~~ members of the class of Plaintiffs ~~who have already had the virus~~ to submit to COVID-19 vaccinations ~~in~~with an unlicensed IND, or a vaccine "unapproved for ~~their~~its applied use" status.

~~38.~~52. As a result of ~~Defendants'~~the defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an ~~unnecessary~~unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under ~~UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.~~the Uniform Code of Military Justice (UCMJ), or adverse administrative action that would characterize Plaintiffs' voluntary service as "other than honorable."

**THIRD CAUSE OF ACTION**

**(VIOLATION OF 10 U.S.C. §1107a)**

~~39.~~53. Plaintiffs reallege the facts in Paragraphs 1 through ~~30~~44 as if fully set forth in this Count.

~~40.~~54. This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's ~~moral and~~ statutory obligations.

~~41.~~55. The United States Government, acting through the DoD, HHS, and FDA, violated a federal statute, namely 10 U.S.C. §1107a, as well as 21 U.S.C. §355, and DoDI

6200.02, when it illegally required ~~or threatened to mandate~~ members of the class of Plaintiffs ~~who have already had the virus,~~ to submit to COVID-19 vaccinations in an EUA status. ~~Even though not currently lawfully mandated by SECDEF and other Defendants, many Plaintiffs, e.g., service members, have been ordered, or coerced by virtue of military structure and rank, to submit to taking the vaccine.~~

~~42.~~56. As a result of the Defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an ~~unnecessary~~unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice (UCMJ~~, to include~~ ), and including adverse administrative action~~; enduring differential treatment, including being segregated from eating with one's fellow~~ that would characterize Plaintiffs' voluntary service ~~members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others,~~ as ~~a result of the Defendants' illegal scheme and actions.~~"other than honorable."

## FOURTH CAUSE OF ACTION

## (VIOLATION OF 50 U.S.C. §1520)

~~43.~~57. Plaintiffs reallege the facts in Paragraphs 1 through ~~30~~44 as if fully set forth in this Count.

~~44.~~58. This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's ~~moral and~~ statutory obligations.

~~45.~~59. The United States Government, acting through the DoD, HHS, and FDA, violated a federal statute, namely 50 U.S.C. §1520, when it illegally required members of

the class of Plaintiffs ~~who have already had the virus~~ to submit to COVID-19 vaccinations in any FDA status. The right of informed consent is one of the sacrosanct principles that came out of the Nazi Doctor Tribunals conducted at Nuremburg. The overriding legal principle was that no State, not even the United States, may force its citizens to undergo unwanted medical procedures merely by declaring an emergency.[8]

60. ~~As a result of Defendants'~~ As a result of the defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice (UCMJ), and including adverse administrative action that would characterize Plaintiffs' voluntary service as "other than honorable."

**FOURTH CAUSE OF ACTION**

**(VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION)**

61. Plaintiffs reallege the facts in Paragraphs 1 through 44 as if fully set forth in this Count.

62. This case involves an actual controversy surrounding the legality of any

[8] If this were the correct legal principle, then the Nazi doctors were wrongly tried and convicted as Germany was in a declared state of emergency at the time of the Nazi medical experiments. Indeed, "[a]mong the nonconsensual experiments that the tribunal cited as a basis for their convictions were the testing of drugs for immunization against malaria, epidemic jaundice, typhus, smallpox and cholera." *Abdullahi v. Pfizer*, 562 F.3d 163, 178 (2nd Cir. 2009)(quoting United States v. Brandt, 2 Trials of War Criminals Before the Nuremberg Military Tribunals Under Control Council Law No. 10, 181-182 (1949)(emphasis added).

orders or actions the DoD has taken with regard to vaccinating service members against COVID-19.

63.     The United States Government, acting through Defendant DOD, has violated the class Plaintiffs' Equal Protection rights under the Fourteenth Amendment by making arbitrary, unscientific, unsupportable distinctions between Plaintiffs, who have naturally acquired immunity, and other similarly situated military members who have only artificially induced immunity through mRNA injectables. The scientific evidence shows that vaccines (a) do not stop reinfection among the vaccinated, and (b) do not stop spread of the virus by the vaccinated. Thus, there is no impact on good order and discipline or the health of the Total Force by Plaintiffs who have already had COVID-19 remaining unvaccinated; and no logical reason why the class of Plaintiffs should be treated any differently than their peers.

~~46.~~64.  As a result of the defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an ~~unnecessary~~unlicensed drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the ~~UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.~~Uniform Code of Military Justice (UCMJ), and including adverse administrative action that would characterize Plaintiffs' voluntary service as "other than honorable."

WHEREFORE, Plaintiffs respectfully ask this Court to:

A. Find that the use of ~~investigational new drugs or drugs unapproved~~Pfizer-BNT COVID-19 vaccine for ~~their applied use is~~forcible inoculation of U.S. military members to be illegal until and unless the Secretary of Defense complies with his statutory requirements in requesting a waiver of informed consent and until the President makes the requisite finding under 10 U.S.C. §1107; and

B. Find that all members of the Plaintiffs' class that have survived infection with COVID-19 are still entitled to a medical exemption from vaccination even after the Defendants have complied with their legal obligations under the implementing DoDI 6200.02;

~~Alternatively, if~~If applicable,

C. Find that the use of vaccines under an EUA is illegal until and unless all of the Defendants comply with their statutory obligations in requesting a waiver of informed consent under 10 U.S.C. §1107a and the implementing regulations and laws;

D. Find that all members of the Plaintiffs' class ~~are still entitled to~~that have survived infection with COVID-19 are entitled to individual assessment to determine their eligibility for a medical exemption from vaccination even after the Defendants have complied with their legal obligations under DoDI 6200.02;

Plaintiffs also ask this Honorable Court to:

E. Find and declare that any order issued by DoD requiring the Plaintiffs to receive inoculation with COVID-19 vaccines are ~~patently~~per se unlawful;

F. Enjoin the DoD from vaccinating any service members until this action has completed and the status of any vaccine has been determined and the requirements for taking away Plaintiffs' rights of informed consent have been met; and

G. Award Plaintiffs their costs and attorneys' fees and any other relief this Court may find appropriate.

Date: August 17September 29, 2021

Respectfully submitted,

/s/ *Todd S. Callender*

Todd Callender, Esq.
Colorado Bar #25981
600 17th St., Suite 2800 South
Denver, CO 80202
Telephone: (720) 704-7929
Email: todd.callender@cotswoldgroup.net@dradvocates.com
Attorney for the Plaintiffs

Of Counsel:

David Willson, Esq.
P.O. Box 1351
Monument, CO 80132
Telephone: (719) 648-4176

D. Colton Boyles, Esq.
Boyles Law, PLLC

~~217 Cedar Street, Suite 312~~
~~Sandpoint, Idaho 83864~~
~~Telephone: (208) 304 - 6852~~
~~Email: Colton@CBoylesLaw.com~~

*/s/ Dale Saran*
Dale Saran, Esq.

MA Bar #654781
19744 W 116th Terrace

Olathe, KS 66061
Telephone: 800-670-2577

~~Telephone: 508-415-8411~~

Attorney for the Plaintiffs