# Exhibit 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| _____ ) | |
| DAN ROBERT and HOLLIE MULVIHILL ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-02228-RM |
| ) | |
| LLOYD AUSTIN, in his official ) | |
| capacity as Secretary of Defense, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## DECLARATION OF CAPTAIN DAREK WILCOX

I, Captain Darek Wilcox, hereby state and declare as follows:

1.      I am currently employed by the U.S. Army as the Commander of Alpha Company, 2-19th Infantry Battalion, 198th Infantry Brigade, located at Fort Benning, Georgia.  Alpha Company is a basic training unit with the mission to transform civilians into disciplined infantry Soldiers that possess the Army values, fundamental Soldier skills, physical fitness, character, confidence, commitment, and the warrior ethos to become adaptive and flexible Soldiers ready to accomplish the mission of the infantry.  I am also the Commander Headquarters and Headquarters Company, where much of the Battalion staff and cadre are assigned.  I have held these positions since July 2021.  In this capacity, I command approximately 275 Soldiers and trainees.  This declaration is based on my personal knowledge as well as knowledge made available to me in the course of my official duties.

2.      I am generally aware of the allegations set forth in the pleadings filed in this matter. Staff Sergeant (SSG) Dan Robert is a U.S. Army Drill Sergeant assigned to Alpha Company and

falls under my immediate command. [1]  He has held this position since July 2020.  As part of his

duties, SSG Robert is responsible for the training, leadership, discipline, physical conditioning,

and welfare of sixty infantry-training Soldiers.  He is responsible to perform similar duties for

roughly one-hundred twenty Soldiers annually.  In the execution of his duties, SSG Robert has

daily interaction and close contact with Soldiers which includes, at times, hands-on instruction as

he trains them in basic rifle marksmanship and physical training, conducts situational field training

exercises, and directly participates in all other areas of their twenty-two-week training cycle. This

includes indoor classroom instruction, drill and ceremony, and other close-quarter activities. SSG

Robert is also assigned to mentor, supervise, and develop three junior Drill Sergeants. [2]

     3.     As of the date of this declaration, SSG Robert has declined to receive the mandatory

COVID-19 vaccination.  On September 9, 2021, I counseled SSG Robert in writing to inform him

of the recent COVID-19 vaccination mandate.  I instructed him that additional guidance was

forthcoming, including the process for submitting requests for exemptions.  In the meantime, I

provided SSG Robert with resources regarding the COVID-19 vaccine.  On that date, SSG Robert

---

[1] I am aware that the original complaint in this case states that SSG Robert is "a Drill Sargent [sic] and infantryman currently on active duty stationed at Fort Bragg, North Carolina," Compl. ¶ 1, ECF No. 1, and that the amended complaint and second amended complaint both state that he is "an infantryman currently on active duty stationed at Fort Bragg, North Carolina," Am. Compl. ¶ 1, ECF No. 18, Second Am. Compl. ¶ 1, ECF No. 29.  However, it is my understanding that there are no Drill Sergeants at Fort Bragg, North Carolina.  It is also my understanding that SSG Robert, the named plaintiff in this case, falls under my command at Fort Benning, Georgia, as he informed me of such, and submitted a copy of the original complaint bearing his name as an enclosure to his COVID-19 vaccination exemption request, discussed further below.

[2] Due to an unrelated surgery, SSG Robert has been performing administrative duties in the entrance area of the Alpha Company headquarters building.  He shares a single desk with a civilian employee, which is located in close proximity to three offices within the building and a nearby conference room.  Over the course of an average day, SSG Robert comes into close contact with approximately fifteen Soldiers, including myself, my Executive Officer, and all of the Drill Sergeants on duty.

acknowledged the counseling and indicated that he intended to request an exemption. On September 28, 2021, I again counseled SSG Robert in writing and ordered him to comply with the order to become fully vaccinated no later than December 15, 2021. That same day, SSG Robert acknowledged receipt of my order and submitted a statement outlining his specific points of disagreement. He also submitted a request for a temporary administrative exemption based on his status as a plaintiff in this lawsuit. Attached to his exemption request were copies of the original complaint, dated August 17, 2021, and Army Regulation 40-562, Appendix C. At this point, I am waiting for additional guidance regarding SSG Robert's exemption request. Until final action has been taken on SSG Robert's exemption request, no adverse administrative action will be taken against him. Likewise, he will not be involuntarily immunized under any circumstances.

4.      To date, SSG Robert has not been subjected to any adverse employment action, discipline, or differential treatment based on his vaccination status. Specifically, I have not denied any request by him to take leave, I have not ordered him to eat separately from others in the military dining facility, and I have not criticized him for his decision regarding vaccination. Nor have I received any allegations that anyone else has done so. Under the Army's implementation order, SSG Robert, and all other Soldiers, must continue to comply with existing Department of Defense and Army guidance for force health protection measures applicable to unvaccinated Soldiers. SSG Robert will not be subjected to any preferential or differential treatment in this regard.

                ***************************

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2021, in Fort Benning, Georgia.

3

WILCOX.DAREK.
ANTHONY.1461
380910

Digitally signed by
WILCOX.DAREK.ANTHONY.
1461380910
Date: 2021.11.19 16:05:16
-05'00'

Darek Wilcox
Captain, U.S. Army
Commander, A Company/HHC
2-19th Infantry Battalion
198th Infantry Brigade
Fort Benning, Georgia

# DEVELOPMENTAL COUNSELING FORM
For use of this form, see ATP 6-22.1; the proponent agency is TRADOC.

## DATA REQUIRED BY THE PRIVACY ACT OF 1974

**AUTHORITY:** 5 USC 301, Departmental Regulations; 10 USC 3013, Secretary of the Army.

**PRINCIPAL PURPOSE:** To assist leaders in conducting and recording counseling data pertaining to subordinates.

**ROUTINE USES:** The DoD Blanket Routine Uses set forth at the beginning of the Army's compilation of systems or records notices also apply to this system.

**DISCLOSURE:** Disclosure is voluntary.

## PART I - ADMINISTRATIVE DATA

| Name (Last, First, MI) | Rank/Grade | Date of Counseling |
|---|---|---|
| Robert, Dan M | SSG | 09 SEP 21 |

| Organization | Name and Title of Counselor |
|---|---|
| A co 2-19TH IN, 198TH | CPT Derek Q. Wilcox / Commander |

## PART II - BACKGROUND INFORMATION

**Purpose of Counseling:** *(Leader states the reason for the counseling, e.g. Performance/Professional or Event-Oriented counseling, and includes the leader's facts and observations prior to the counseling.)*

This is an event-oriented counseling for your information only.

On 24 AUG 2021 Secretary of Defense mandated that all Service members become fully vaccinated against the COVID-19 virus with a Food and Drug Administration (FDA) approved vaccine (Pfizer-BioNTech COVID-19 vaccine, also called Comirnaty).

All Soldiers are required to receive the FDA-approved, DoD-directed Pfizer vaccination.

## PART III - SUMMARY OF COUNSELING
Complete this section during or immediately subsequent to counseling.

**Key Points of Discussion:**

The Headquarters Department of the Army and the Training and Doctrine Command (TRADOC) are developing mandatory exemption guidelines, rules, and procedures that will be published in the near future and about which you will be counseled by your chain of command.

The health and well-being of our Soldiers is our highest priority. Our Soldiers protect the Nation and they should be protected themselves from COVID-19.

The highly transmissible Delta variant of the COVID-19 virus, and the speed with which it transmits among individuals, increases the risk to our team.

The U.S. Food and Drug Administration issued formal licensure of the Pfizer-BioNTech COVID-19 vaccine, also called Comirnaty, on 23 August 2021. This licensure is based on rigorous studies and efficacy and safety data collected during use over the past year.

On 24 AUG 2021 the Secretary of Defense mandated that all Service members become fully vaccinated against the COVID-19 virus with a Food and Drug Administration (FDA) approved vaccine.

On 25 AUG 2021 HQDA issued execution instructions to accomplish the Secretary of Defense's directive.

Our Soldiers must be ready to execute their mission at all times, throughout the world, including where vaccination rates are low and disease transmission is high.

Despite effective and sound mitigation measures, such as the Health Protection Condition (HPCON) framework, the infection rate and fatalities in the United States from COVID-19 continues to rise, underscoring how transmissible and lethal the Delta variant is within our communities.

Vaccination of Soldiers enhances force health protection and readiness. Mandating immunizations is consistent with DoD mandatory vaccination programs for Service members to address other health threats such as seasonal influenza. These mandatory vaccination requirements are in accordance with DoD Instruction 6205.02.

The Centers for Disease Control and Prevention (CDC) states that the COVID-19 vaccines are safe and effective and recommend that all persons get COVID-19 vaccinations as soon as possible. Over 363 million COVID-19 vaccine doses have been administered in the U.S. You should carefully consider the risks remaining unvaccinated compared to possible side effects of the vaccine.

References:
Secretary of Defense Memorandum, Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members, dated 24 August 2021.

FRAGO 4 to Headquarters Department of the Army Execution Order (EXORD) 224-21 COVID-19 Steady State Operations, dated 25 August 2021.

## OTHER INSTRUCTIONS
This form will be destroyed upon: reassignment *(other than rehabilitative transfers)*, separation at ETS, or upon retirement. For separation requirements and notification of loss of benefits/consequences see local directives and AR 635-200.

**Plan of Action** *(Outlines actions that the subordinate will do after the counseling session to reach the agreed upon goal(s). The actions must be specific enough to modify or maintain the subordinate's behavior and include a specified time line for implementation and assessment (Part IV below))*

It is understandable to want to know more about a vaccine, it's safety, and side effects.

For up-to-date and accurate information regarding the COVID-19 vaccines visit the National Institutes of Health (NIH) COVID-19 information website (https://covid19.nih.gov/treatments-and-vaccines/covid-19-vaccines), it may answer many of your questions/concerns.

If you believe you qualify for a medical exemption from the mandatory Pfizer COVID-19 vaccine, bring this issue to your chain of command and they will direct you to screening by a medical provider.

If you desire an exemption from the mandatory vaccine for a non-medial reason further guidance from HQDA and TRADOC is forthcoming.  You will be counseled by your chain of command on this policy when it is published.

**Session Closing:** *(The leader summarizes the key points of the session and checks if the subordinate understands the plan of action. The subordinate agrees/disagrees and provides remarks if appropriate.)*

Individual counseled: [X] I agree   [ ] disagree with the information above.

Individual counseled remarks: I understand there is a mandate. I will be filing for an exemption in accordance with AR 40-562. Cominady & EUA Pfizer Biontech are LEGALLY distinct products. I continue to opt out of any & all experimetal or EUA vaccinations.

Signature of Individual Counseled: *[signature]*                    Date: 09SEP21

**Leader Responsibilities:** *(Leader's responsibilities in implementing the plan of action.)*

Signature of Counselor:                                    Date:

### PART IV - ASSESSMENT OF THE PLAN OF ACTION

**Assessment:** *(Did the plan of action achieve the desired results? This section is completed by both the leader and the individual counseled and provides useful information for follow-up counseling.)*

Counselor:                    Individual Counseled:                    Date of Assessment:

**Note:  Both the counselor and the individual counseled should retain a record of the counseling.**

## DEVELOPMENTAL COUNSELING FORM
For use of this form, see ATP 6-22.1; the proponent agency is TRADOC.

### DATA REQUIRED BY THE PRIVACY ACT OF 1974

| | |
|---|---|
| AUTHORITY: | 5 USC 301, Departmental Regulations; 10 USC 3013, Secretary of the Army. |
| PRINCIPAL PURPOSE: | To assist leaders in conducting and recording counseling data pertaining to subordinates. |
| ROUTINE USES: | The DoD Blanket Routine Uses set forth at the beginning of the Army's compilation of systems or records notices also apply to this system. |
| DISCLOSURE: | Disclosure is voluntary. |

### PART I - ADMINISTRATIVE DATA

| Name (Last, First, MI) | | Rank/Grade | Date of Counseling |
|---|---|---|---|
| Robert, Dan | | SSG/E-6 | 20210928 |

| Organization | Name and Title of Counselor |
|---|---|
| A CO, 2-19th IN, 198th | Wilcox, Darek A. Company Commander |

### PART II - BACKGROUND INFORMATION

**Purpose of Counseling:** (Leader states the reason for the counseling, e.g. Performance/Professional or Event-Oriented counseling, and includes the leader's facts and observations prior to the counseling.)

On 24 August 2021, the Secretary of Defense directed the Secretary of the Army to begin full vaccination of the U.S. Army against the COVID-19 disease.

On 28 Sep 2021, you declined to receive the COVID-19 vaccine.

### PART III - SUMMARY OF COUNSELING
Complete this section during or immediately subsequent to counseling.

**Key Points of Discussion:**

1. The purpose of the COVID-19 vaccines is to prevent the spread of the COVID-19 disease.

2. The COVID-19 disease may be present in a possible area of operation.

3. The COVID-19 vaccines are safe and effective at preventing the COVID-19 disease and reducing the risk of severe illness and death. COVID-19 vaccines reduce the risk of people spreading the virus that causes COVID-19. While you may have side effects after your vaccination, these are normal and should go away within a few days. It typically takes 2 weeks after vaccination for the body to build protection (immunity) against the virus that causes COVID-19. You are not fully vaccinated until 2 weeks after the second dose of a 2-dose vaccine or 2 weeks after a single dose vaccine. You can learn more about the COVID-19 vaccines at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/index.html. Additionally, you may discuss any concerns you have about receiving the vaccine with medical professionals.

4. You are hereby ordered to become fully vaccinated with a COVID-19 vaccine that has received full licensure from the Food and Drug Administration (FDA), in accordance with FDA-approved labeling and guidance NLT 15 Dec 2021 subject to the availability of vaccines. This is a lawful order. Failure to obey this order may result in punitive or adverse administrative action. Voluntary immunization with a COVID-19 vaccine under FDA Emergency Use Authorization or World Health Organization Emergency Use Listing in accordance with applicable dose requirements prior to, or after receiving this order, constitutes compliance with this order.

5. If you believe you should be granted a medical exemption, then discuss this with your health care provider. If you have already been vaccinated, you must provide valid proof of vaccination for inclusion in your medical records. If you wish to submit an administrative exemption request under AR 40-562, including a request for a religious accommodation, you must request it through your chain-of-command. Soldiers with active pending immunization exemption requests will not be immunized or subjected to adverse action for refusal to receive the vaccine, pending the outcome of their request or any appeal of a denied request. If you continue to refuse to be immunized after final denial of your exemption request/appeal, you will be in violation of my order in paragraph 4 above. You are further advised IAW AR 600-20, Appendix P-2b(4) that noncompliance with immunization requirements may adversely impact deployability, assignment, or international travel and that exemptions may be revoked under imminent risk conditions.

I am counseling you for the conduct noted above. Continued conduct of this nature may result in initiation of a bar to reenlistment, administrative action to include your separation from the service, and/or punitive action under the UCMJ. If this conduct continues, action may be initiated to involuntarily separate you from the service under AR 635-200. If you are involuntarily separated, you could receive an Honorable, General Under Honorable Conditions, or Other Than Honorable discharge. If you receive an Honorable Discharge, you will be qualified for most benefits resulting from your military service. If you receive a General Under Honorable Conditions Discharge or an Other Than Honorable Discharge, you may be disqualified from reenlisting in the service for some period and you may be ineligible for many, if not all, veterans benefits to include but not limited to the Montgomery G.I. Bill and post-9/11 G.I. Bill. If you receive a General Under Honorable Conditions or Other Than Honorable Discharge, you may face difficulty obtaining civilian employment as employers may have low regard for less than Honorable discharges.

- SM requesting Temporary Administrative exemption (code AT) from the COVID-19 vaccine.
- Due to this plan of action requires further refinement and guidance prior to execution.

### OTHER INSTRUCTIONS
This form will be destroyed upon: reassignment (other than rehabilitative transfers), separation at ETS, or upon retirement. For separation requirements and notification of loss of benefits/consequences see local directives and AR 635-200.

**Plan of Action** *(Outlines actions that the subordinate will do after the counseling session to reach the agreed upon goal(s). The actions must be specific enough to modify or maintain the subordinate's behavior and include a specified time for implementation and assessment (Part IV below)*

MANDATORY VACCINATION DECLINATION: *Plan of action requires guidance/refinement*

(1) NLT 3 duty days after receipt of this counseling, the Service member will watch an educational video on the benefits of vaccination. The video is available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html. _____ (SM initial when complete) _____ (CDR initial when complete)

(2) NLT 3 duty days after the Service member watches the mandatory video, the immediate commander directs the Service member to comply with the order on page 1, paragraph 4. _____ (SM initial when complete) _____ (CDR initial when complete)

(3) If the SM continues to refuse immunization, the commander directs the Soldier to meet with a medical professional (physician, physician assistant, or nurse practitioner) to discuss the vaccine and any concerns. _____ (SM initial when complete) _____ (CDR initial when complete)

(4) NLT 3 duty days after the Service member consults with a medical professional, the immediate commander directs the Service member to comply with the order on page 1, paragraph 4. _____ (SM initial when complete) _____ (CDR initial when complete)

TEMPORARY OR PERMANENT MEDICAL EXEMPTION REQUESTS:

(1) If requesting a temporary or permanent medical exemption, the Service member will contact the Service member's Primary Care Manager (PCM) or equivalent (physician, physician assistant, or nurse practitioner) NLT 3 duty days after receipt of this counseling. The Service member will schedule the next available appointment with the PCM or equivalent. _____ (SM initial when complete) _____ (CDR initial when complete) The appointment is _____

(2) If the request for a temporary medical exemption is denied, the Service member may request a second opinion NLT 3 duty days after notification of the denial. The denial authority will provide information on requesting a second opinion. _____ (SM initial when complete) _____ (CDR initial when complete)

(3) If the Commanding General, Regional Health Command denies the permanent medical exemption request, the Service member may appeal to The Surgeon General (TSG) through command channels NLT 3 duty days after notification of the denial. _____ (SM initial when complete) _____ (CDR initial when complete)

RELIGIOUS EXEMPTION REQUESTS:

(1) If requesting a religious exemption, the Service member will submit a written request for a religious exemption IAW AR 600-20, Appendix P-2b(1) to the immediate commander NLT 3 duty days after receipt of this counseling. _____ (SM initial when complete) _____ (CDR initial when complete)

(2) The commander will arrange an interview with the assigned unit Chaplain or other Chaplain determined by the senior Chaplain present, NLT 3 duty days after the commander receives the Service member's request for a religious exemption. _____ (SM initial when complete) _____ (CDR initial when complete)

(3) The commander will arrange for a PCM or equivalent to counsel the Service member to ensure the Service member is making an informed decision IAW AR 600-20, Appendix P-2b(3) _____ (SM initial when complete) _____ (CDR initial when complete)

(4) If TSG denies the request, the Service member may appeal to the Assistant Secretary of the Army (Manpower and Reserve Affairs) through command channels NLT 3 duty days after notification of the denial. _____ (SM initial when complete) _____ (CDR initial when complete)

**Session Closing:** *(The leader summarizes the key points of the session and checks if the subordinate understands the plan of action. The subordinate agrees/disagrees and provides remarks if appropriate.)*

Individual counseled: ☐ I agree  ☒ I disagree with the information above.

Individual counseled remarks:

*I acknowledge reciept of this document. I disagree with it and will be submitting a statement.*

Signature of Individual Counseled: _____   Date: 28 SEP 21

**Leader Responsibilities:** *(Leader's responsibilities in implementing the plan of action.)*

Leaders will ensure Service member has the opportunity to discuss any request for an administrative or medical exemption with the chain-of-command, medical, Chaplain, and/or legal professionals, as appropriate.

• *I will be seeking further refinement and guidance due to the presented documentation prior to developing a propper course of action.*

Signature of Counselor: _____   Date: 28 September 2021

**PART IV - ASSESSMENT OF THE PLAN OF ACTION**

**Assessment:** *(Did the plan of action achieve the desired results? This section is completed by both the leader and the individual counseled and provides useful information for follow-up counseling.)*

Counselor: _____   Individual Counseled: _____   Date of Assessment: _____

**Note: Both the counselor and the individual counseled should retain a record of the counseling.**



**DEPARTMENT OF THE ARMY**
ALPHA COMPANY, 2ND BATTALION, 19TH INFANTRY BATTALION
198TH INFANTRY BRIGADE
5375 HANSON DRIVE
FORT BENNING, GA 31905-4925

REPLY TO
ATTENTION OF

ATSH-TBK-BA                                                                                    28 SEP 2021

MEMORANDUM FOR Commander, Alpha Company 2-19TH Infantry Battalion, 198TH Infantry Brigade, Fort Benning, GA 31905

SUBJECT: Service Member Statement Regarding Counseling

1.  On 28SEP21, I was provided a counseling statement wherein I am electing to provide a statement.

2. I signed the statement, not in agreement with the counseling, but simply because I was told it was required.

3. This counseling, attached, included the following statements:

    a. The COVID-19 vaccines are safe and effective. Contrary to this statement, a review of the current VAERS (vaccine adverse event reporting system) information reveals the following as of 10 September 2021: almost 15,000 deaths, almost 6,000 instances of anaphylaxis, over 1800 miscarriages, over 6,000 heart attacks, almost 6,000 instances of Myocarditis/Pericarditis, almost 20,000 permanently disabled, over 60,000 hospitalizations, and much more.

    b. You are ordered to receive a vaccine with full licensure approval. The Assist. Sec. of Defense in a memo dated, 14 September 2021, stated that Comirnaty and BioNTech are "interchangeable," which is not true. It is impossible to characterize BioNTech as being interchangeable with the Comirnaty approved drug until such time as the phase III clinical studies being conducted at this moment under the current IND/EUA regulations are completed.  These tests are not scheduled for completion until 2025, at which time the contents of the drug may be re-tested to verify if the ingredients are the same, substantially the same or different. As such, at no time should the DOD or any other agency presume that BioNTech is an approved drug; it is not and this is why it continues to carry the characterization of an Investigational New Drug for Emergency Use only.

    c. Exemptions must be routed through a health care provider in accordance with AR 40-562 section 2-6. Any attempt to do so has yielded guidance that previous positive, serologic antibody tests, or similar situations do not confer immunity, even though this is the exact verbiage used in the standing regulation.

ATSH-TBK-BA
SUBJECT:  Service Member Statement Regarding Counseling

    d.  The purpose of Covid-19 vaccines is to prevent the spread of the Covid-19 disease. The manufacturer's guidance as well as multiple "Fully Vaccinated" Covid positive breakthrough cases is well documented, in that the purpose is to reduce the severity of symptoms.

4.  The statements included providing acknowledgement of the likelihood of UCMJ are harassing, and unnecessary coercion. Emergency use authorization requires informed consent, and must be voluntary. To date Pfizer has not produced the FDA Approved "Comirnaty" Product with appropriate labeling, and lot numbers. It is impossible to enforce or comply with an order to receive an immunization that does not exist. They are legally distinct products as per BLA approval press release. Informed consent can only be waived by specific order to do so, from the President of the United States. No such order has been published at this time.

5.  I am the Plaintiff on a civil action lawsuit representing a class of plaintiffs contentious with this order. I am submitting for a temporary administrative exemption until the hearing date.

6.  Point of contact for this memorandum is SSG Dan M. Robert at ███████████ and ██████████████████.

DAN M. ROBERT
SSG, USA
Drill Sergeant

2



**DEPARTMENT OF THE ARMY**
**ALPHA COMPANY, 2ND BATTALION, 19TH INFANTRY BATTALION**
**198TH INFANTRY BRIGADE**
**5375 HANSON DRIVE**
**FORT BENNING, GA 31905-4925**

REPLY TO
ATTENTION OF

ATSH-TBK-BA                                                        28 SEP 2021

MEMORANDUM FOR Commander, Alpha Company 2-19TH Infantry Battalion, 198TH Infantry Brigade, Fort Benning, GA 31905

SUBJECT: Temporary Non-Medical (administrative) Exemption From Covid-19 Vaccination.

1.  I am requesting Temporary Administrative exemption (AT) from the Covid-19 vaccine Per AR 40-562, Appendix C. I am the plaintiff for a civil action lawsuit, which falls under pending legal action (other than code AR).

2.  Point of contact for this memorandum is SSG Dan M. Robert at ███████ and ████████████████.

2 Encls.                                          DAN M. ROBERT
Copy of Court Order                         SSG, USA
Appendix C (AR 40-562)                   Drill Sergeant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-CV-2228

DAN ROBERT, SSGT, U.S. ARMY,
HOLLIE MULVIHILL, SSGT, USMC, and
OTHER SIMILARLY SITUATED
INDIVIDUALS,

    Plaintiffs,

v.

LLOYD AUSTIN, in his official capacity as
Secretary of Defense, U.S. Department of
Defense,

XAVIER BECERRA, in his official capacity
as Secretary of the U.S. Department of Health
and Human Services,

JANET WOODCOCK, in her official
capacity as Acting Commissioner of the U.S.
Food & Drug Administration

    Defendants.

---

## COMPLAINT

---

    Plaintiffs Staff Sergeant Daniel Robert, U.S. Army, and Staff Sergeant Holli Mulvihill,

USMC, individually and on behalf of all other similarly situated active duty, National Guard, and

Reserve servicemembers, as documented survivors of COVID-19, file this action against the

Department of Defense ("DoD"), seeking a declaratory judgment that the DoD cannot force them

to take a COVID-19 vaccination under existing military regulations, federal regulations, federal

law, and the U.S. Constitution. The Secretary of Defense, Lloyd Austin (the "SECDEF") has

publicly notified Plaintiffs, via Memo, that he will seek authorization from the President of the United States of America (the "President"), to mandate the COVID-19 vaccine on or about September 15, 2021. Upon information and belief, the DoD is already vaccinating military members in flagrant violation of its legal obligations and the rights of servicemembers under federal law and the Constitution. Army Regulation 40-562 ("AR 40-562") provides documented survivors of an infection, a presumptive medical exemption from vaccination because of the natural immunity acquired as a result of having survived the infection. "General examples of medical exemptions include the following... Evidence of immunity based on serologic tests, documented infection, or similar circumstances." AR 40-562, ¶2-6a.(1)(b). Plaintiffs also seek a declaratory judgment on the separate basis that the Emergency Use Authorization ("EUA") DoD COVID-19 Vaccine mandate, which they have been notified is imminent, cannot be issued in violation of 10 U.S.C. §1107 and its implementing regulations, including DoD Directive 6200.2, the FDA regulation of biologics at 21 C.F.R. § 50 *et seq.*, as well as the law regarding informed consent 50 U.S.C. 1520 ("The Nuremburg Code").

Neither the President, nor the SECDEF, nor the Secretary of the Department of Health and Human Services, nor the Secretary of the Food and Drug Administration have complied with the requirements of those controlling pieces of federal law. Therefore, any forced vaccination of Plaintiffs would be/are being administered in blatant violation of federal law, the attendant regulations, and the U.S Constitution, denying Plaintiffs due process of law and violating their bodies. Plaintiffs seek this relief pursuant to the Administrative Procedures Act, 5 U.S.C. §702, et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. §1651. Plaintiff also seek temporary and permanent injunctive relief preventing their forced

vaccination attendant to their claims for declaratory judgment.

**PARTIES**

1.      Staff Sergeant Daniel Robert, U.S. Army, is a Drill Sargent and infantryman currently on active duty stationed at Fort Bragg, North Carolina.

2.      Staff Sergeant Holli Mulvihill, USMC, is an air traffic controller currently on active duty stationed at MCAS New River, North Carolina.

3.      Defendant, U.S. Department of Defense ("DoD"), is an agency of the United States Government. It is led by SECDEF who has publicly stated that the Department will seek authorization of the President to begin mandating the vaccination of the force on or about September 15, 2021.

4.      Defendant, Department of Health and Human Services ("HHS"), is an agency of the United States Government. It is led by Secretary Xavier Becerra.

5.      Defendant, Food and Drug Administration ("FDA"), is an agency of the United States Government. It is led by acting Secretary Janet Woodcock.

**CLASS ACTION ALLEGATIONS**

6.      This action is brought by the Plaintiffs on their own behalf and on behalf of the class of all other military members similarly situated, under the provisions of FED. R. CIV. P. 23(a) and (b).

7.      The class so represented by the Plaintiffs consists of (at least) active duty and reserve component members of the United States Armed Forces and National Guard members who have already caught and recovered from COVID-19, documented and reported it to superiors and have been or will be ordered to take any COVID-19 vaccine for this public health mandate.

8.      The exact number of members of the class described above is not precisely known, but there are currently in excess of 1.8 million members of the active-duty component of the Armed Forces. The class is so numerous that joinder of individual members is impracticable, if not impossible.

9.      The relief sought is common to the entire class and there are common questions of law and fact that relate to and affect the rights of each class member. These common questions include the exact legal status under 21 U.S.C. §355 of any of the vaccines against COVID-19 that the military is using on members now and will use in the future; whether the vaccines are being used under a Presidential waiver pursuant to a specific request from the SECDEF, under 10 U.S.C. §1107; or pursuant to the Emergency Use Authorization under 10 U.S.C. §1107a; whether the proper findings and requests have been made regarding the nature and duration of the military exigency that requires a waiver of informed consent under DoD Instruction ("DoDI") 6200.02.

10.     Plaintiffs' claims are typical of the claims all members of the class could make depending upon the exact nature of the vaccines and each Defendant's actions with regard to their legal obligations. There is no conflict between Plaintiffs and other members of the class with respect to this action or with respect to the claims for relief made herein. Indeed, Plaintiffs' claims would also apply to any military member who meets the requirements for medical exemption under AR 40-562, ¶2-6a(1)(a) or (1)(b).

11.     The Plaintiffs are representative parties for the class and are able to fairly and adequately protect the interests of the class. The attorneys for the Plaintiffs are experienced and capable in litigating the claims at issue and have engaged in substantial litigation on similar issues to these in previous litigation. Attorneys Todd Callender, Colton Boyles, David Willson, and Dale

Saran will actively conduct and be responsible for the conduct of the action on behalf of the plaintiff class.

12.     This action is properly maintained as a class action because the prosecution of separate actions by individual members of the class would create a risk of individual adjudications to class members that would, as a practical matter, be dispositive of the interests of others not party to the litigation or would substantially impair or impede their ability to protect their interests.

13.     This action is properly maintained as a class action because the mixed questions of law and fact common to the members of the class predominate over any questions affecting only individual members and a class action is superior to other available methods of fair and efficient adjudication of the controversy.

## JURISDICTION AND VENUE

14.     There is a legitimate controversy because the Plaintiffs in this case are already or about to be ordered to take an "Investigational New Drugs", as defined in 21 CFR 56.104(c) ("IND"), or drug unapproved for its applied use, or EUA (experimental) vaccine for a virus from which they already have the maximum possible systemic immunity by virtue of their immune systems having already defeated it; and for which they, therefore, have no need. This case implicates the most fundamental of all human rights, the right of a person to bodily integrity and to make their own choices about what will be put into their body. Upon information and belief, the DoD has already begun vaccinating members in violation of its legal obligations.

15.     Jurisdiction is proper in this Court under the Administrative Procedures Act, 5 U.S.C. §702, the Declaratory Judgment Act, 28 U.S.C. §2201, and under 28 U.S.C. §§1331, 1346, and 1361.

16.     Venue is proper in this Court pursuant to 28 U.S.C. §1402 where members of the Plaintiff class are present in the district and directly impacted by the proposed order as members, leadership, and the physically located military reservations of the Defendant DoD in this Court's jurisdiction.

## FACTUAL BACKGROUND

17.     Army Regulation 40-562, "Immunization and Chemoprophylaxis for the Prevention of Infectious Diseases"[1] presumptively exempts from any vaccination requirement a service member that the military knows has had a documented previous infection.

18.     Plaintiffs, individually and as a class, have all previously suffered and recovered from COVID-19 infections with the development of natural immunity as demonstrated to or documented by the military.

19.     AR 40-562 was signed on Oct. 7, 2013, went into effect on Nov. 7, 2013, and remains in effect today. It applies to all branches of the military. The Regulation also applies whether the proposed COVID-19 vaccines it seeks to administer to Plaintiffs and the class are IND, as an IND under EUA, 21 USC Sec. 360bbb-3, or as a fully approved FDA vaccine.

20.     Plaintiffs and the proposed Plaintiff class of documented COVID-19 survivors file this lawsuit now upon information and belief that service members across the services have already been given a COVID-19 vaccine by the military without any of the proper political officials having complied with their legally mandated obligations under federal law, specifically 10 U.S.C. §1107

---

[1] This document is an all-service publication and has an equivalent name for each of the applicable services. We have chosen to use the Army designation throughout for ease, but these arguments apply equally under AFI 48-110, BUMEDINST 6230.15B, COMDETINST M6230.4G. *See*, AR 40-562, ¶2-6a.(1)(b).

and its implementing instructions.

21.     Long established precepts of virology demonstrate that the immunity provided by recovery from actual infection is at least as pronounced and effective, if not many times more so, than any immunity conferred by a vaccine. This is no less true of COVID-19. See **Exhibit 1** with attached CV, Expert Medical opinion of Dr. Peter A. McCullough, M.D., M.P.H. "Following the science" as it relates to COVID-19 validates and reaffirms the wisdom of maintaining long-established virology protocol, most recently codified in AR 40-562 in 2013.

22.     Service members that have natural immunity, developed from surviving the virus, should be granted a medical exception from compulsory vaccination because the DoD Instruction policy reflects the well-established understanding that prior infection provides the immune system's best possible response to the virus. "COVID-19 did not occur in anyone over the five months of the study among 2,579 individuals previously infected with COVID-19, including 1,359 who did not take the vaccine." See, e.g., **Exhibit 2**, *Necessity of COVID-19 vaccination in previously infected individuals*, Shrestha, Burke, *et al*., Cleveland Clinic.[2]

23.     Plaintiffs and the Plaintiff class should be exempted from compulsory vaccination regardless of the legal status of the vaccines with the FDA because the requirements to vitiate a military service member's right to informed consent have not been met and cannot be met by the Defendants.

24.     Federal law only allows the forced vaccination of service members with an IND *after* the SECDEF has complied with all of the legal requirements of 10 U.S.C. §1107 or §1107a,

---

[2] Plaintiffs have included a small sample of studies demonstrating the superiority of naturally acquired immunity over novel mRNA vaccines with no established safety history and unknown side-effects. See, e.g., **Exhibits 3-8**.

depending upon the status of the vaccine.

    25.    DoD Instruction 6202.02 ("DoDI") states (in part) that:

> The Heads of DoD Components:
> …Shall, when requesting approval to use a medical product under an EUA or IND application, develop, in coordination with the Secretary of the Army, medical protocols, compliant with this Instruction, for use of the product and, if the request is approved, execute such protocols in strict compliance with their requirements…
>
> Shall, when using medical products under a force health protection program pursuant to an EUA, comply with Enclosure 3, Federal Food Drug and Cosmetic Act section 564 (Reference (d)), section 1107a of Reference (e) and applicable FDA requirements.
>
> Shall, when using medical products under a force health protection program pursuant to an IND application, comply with Enclosure 4, section 1107 10 U.S.C., and applicable provisions of References (e) through (g). Requirements applicable to the use of medical products under an IND application do not apply to the use of medical products under an EUA within the scope of the EUA.

    26.    One of the (many) obligations that the SECDEF has with respect to use of either an IND/drug unapproved for its applied use (under §1107) or an EUA (under §1107a) is to provide detailed, written notice to the servicemember that includes information regarding (1) the drug's status as an IND, unapproved for its applied use, or EUA; (2) "[t]he reasons why the investigational new drug or drug unapproved for its applied use is being administered[;]" and (3) "the possible side effects of the investigational new drug or drug unapproved for its applied use, including any known side effects possible as a result of the interaction of such drug with other drugs or treatments being administered to the members receiving such drug."

    27.    Federal law requires that the SECDEF  requests to the President for a written authorization to waive a servicemember's right to informed consent include the certification that such vaccination is required as to a particular member's participation in a *specified military operation* that contains the following additional criteria:

    (i) The extent and strength of evidence of the safety and effectiveness of the Investigational

New Drug in relation to the medical risk that could be encountered during the military operation, supports the drug's administration under an IND; and

(ii) The specified military operation presents a substantial risk that military personnel may be subject to a chemical, biological, nuclear, or other exposure *likely to produce death or serious or life-threatening injury or illness*; and

(iii) *That there is no available satisfactory alternative therapeutic or preventive treatment in relation to the intended use of the investigational new drug*; and

(iv) that conditioning the use of the investigational new drug upon voluntary participation of each member could significantly risk the safety and health of any individual member who would decline its use, the safety of other military personnel, and the accomplishment of the military mission[,] which remains undefined at this time (emphasis added).

    28.    The relevant Defendants have not complied with these requirements and upon information and belief have been engaged in an ongoing pattern of intentional vaccination of servicemembers in knowing violation of these obligations and servicemembers' rights.

    29.    The applicable section of the Federal Food, Drug, and Cosmetic Act (Title 21, Chapter 9) regarding EUA of biologics for the military is found at 21 U.S.C. §360bbb-3. It contains a lengthy list of requirements for either the Secretary of the Department of Homeland Security, the Secretary of Defense, the Secretary of the FDA, including detailed findings regarding the exact military contingency that the Secretary of Defense has used to go to the President in order to override servicemembers' right of informed consent before the administration of any EUA drug or device.

    30.    The Defendants have not complied and cannot comply with their respective

requirements to support the DoD's actions in vitiating the informed consent rights of servicemembers regarding these unapproved biologics because:

(a) these drugs are not being used in response to any specific military threat in a theater of operations, but rather are a naked attempt to leverage the Plaintiffs' military status against them in order to move forward with an unnecessary public health mandate;

(b) there is near zero risk to healthy, fit, young men and women of the U.S. Armed Services, and

(c) there are numerous safe, long-standing, proven alternative treatments (such as ivermectin, "anti-infective oral and nasal sprays and washes, oral medications, and outpatient monoclonal antibodies, which are 'approved' drugs by the Food and Drug Administration and highly effective in preventing and treating COVID-19")[3] and the existence of such treatments is a legal bar to the use of an EUA or IND without informed consent.

## FIRST CAUSE OF ACTION
### (VIOLATION OF ADMINISTRATIVE PROCEDURE ACT)

31.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

32.     The United States Government, acting through the DoD, violated its own regulations, DoDI 6200.02 and AR 40-562, by ignoring the Plaintiffs right to informed consent and vaccinating members of the armed forces without complying with applicable federal law and implementing regulations.

33.     Defendants' failure to follow federal law and regulations creates a legal wrong

_____

[3] See **Exhibit 1**, Expert Medical Opinion of Dr. Peter McCullough.

against Plaintiffs.

34.     As a result of Defendants' unlawful actions, Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the Uniform Code of Military Justice ("UCMJ"), to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of Defendants' illegal scheme and actions.

## SECOND CAUSE OF ACTION
### (VIOLATION OF 10 U.S.C. §1107)

35.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

36.     This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's moral and statutory obligations.

37.     The United States Government, acting through the DoD, violated a federal statute, namely 10 U.S.C. §1107, as well as DoDI 6200.02, when it illegally required or stated it would require or mandate members of the class of Plaintiffs who have already had the virus to submit to COVID-19 vaccinations in an IND or "unapproved for their applied use" status.

38.     As a result of Defendants' unlawful actions, Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow

service members in the military dining facilities and subject to ridicule; being denied leave and/or

freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF 10 U.S.C. §1107a)**

39.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this

Count.

40.     This case involves an actual controversy surrounding the legality of any orders or

actions the DoD has taken with regard to vaccinating service members against COVID-19 in the

absence of the Secretaries and DoD's moral and statutory obligations.

41.     The United States Government, acting through the DoD, HHS, and FDA, violated

a federal statute, namely 10 U.S.C. §1107a, as well as 21 U.S.C. §355, DoDI 6200.02, when it

illegally required or threatened to mandate members of the class of Plaintiffs who have already

had the virus, to submit to COVID-19 vaccinations in an EUA status. Even though not currently

lawfully mandated by SECDEF and other Defendants, many Plaintiffs, e.g., service members, have

been ordered, or coerced by virtue of military structure and rank, to submit to taking the vaccine.

42.     As a result of Defendants' unlawful actions, the Plaintiffs have suffered damages,

including being required to take an unnecessary drug of unknown long-term safety profile; being

subject to or threatened with disciplinary action under the UCMJ, to include adverse administrative

action; enduring differential treatment, including being segregated from eating with one's fellow

service members in the military dining facilities and subject to ridicule; being denied leave and/or

freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF 50 U.S.C. §1520)**

43.     Plaintiffs reallege the facts in Paragraphs 1 through 30 as if fully set forth in this Count.

44.     This case involves an actual controversy surrounding the legality of any orders or actions the DoD has taken with regard to vaccinating service members against COVID-19 in the absence of the Secretaries and DoD's moral and statutory obligations.

45.     The United States Government, acting through the DoD, HHS, and FDA, violated a federal statute, namely 50 U.S.C. §1520, when it illegally required members of the class of Plaintiffs who have already had the virus to submit to COVID-19 vaccinations in any FDA status. The right of informed consent is one of the sacrosanct principles that came out of the Nazi Doctor Tribunals conducted at Nuremburg. The overriding legal principle was that no State, not even the United States, may force its citizens to undergo unwanted medical procedures merely by declaring an emergency.[4]

46.     As a result of Defendants' unlawful actions, the Plaintiffs have suffered damages, including being required to take an unnecessary drug of unknown long-term safety profile; being subject to or threatened with disciplinary action under the UCMJ, to include adverse administrative action; enduring differential treatment, including being segregated from eating with one's fellow service members in the military dining facilities and subject to ridicule; being denied leave and/or freedom of movement, among others, as a result of the Defendants' illegal scheme and actions.

**WHEREFORE**, Plaintiffs respectfully ask this Court to:

---

[4] If this were the correct legal principle, then the Nazi doctors were wrongly tried and convicted as Germany was in a declared state of emergency at the time of the Nazi medical experiments.

A.     Find that the use of investigational new drugs or drugs unapproved for their applied use is illegal until and unless the Secretary of Defense complies with his statutory requirements in requesting a waiver of informed consent and until the President makes the requisite finding under 10 U.S.C. §1107; and

B.     Find that all members of the Plaintiffs' class are still entitled to a medical exemption from vaccination even after the Defendants have complied with their legal obligations under the implementing DoDI 6200.02;

Alternatively, if applicable,

C.     Find that the use of vaccines under an EUA is illegal until and unless all of the Defendants comply with their statutory obligations in requesting a waiver of informed consent under 10 U.S.C. §1107a and the implementing regulations and laws;

D.     Find that all members of the Plaintiffs' class are still entitled to a medical exemption from vaccination even after the Defendants have complied with their legal obligations under DoDI 6200.02;

Plaintiffs also ask this Honorable Court to:

E.     Find and declare that any order issued by DoD requiring the Plaintiffs to receive inoculation with COVID-19 vaccines are patently unlawful;

F.     Enjoin the DoD from vaccinating any service members until this action has completed and the status of any vaccine has been determined and the requirements for taking away Plaintiffs' rights of informed consent have been met; and

G.     Award Plaintiffs their costs and attorneys' fees and any other relief this Court may

find appropriate.

Date:   August 17, 2021

Respectfully submitted,

s/ Todd Callender

*Todd Callender, Esq.*
Colorado Bar #25981
600 17th St., Suite 2800 South
Denver, CO 80202
Telephone: (720) 704-7929
Email: todd.callender@cotswoldgroup.net
Attorney for the Plaintiffs

Of Counsel:

David Willson, Esq.
P.O. Box 1351
Monument, CO 80132
Telephone: (719) 648-4176

D. Colton Boyles, Esq.
Boyles Law, PLLC
217 Cedar Street, Suite 312
Sandpoint, Idaho 83864
Telephone: (208) 304 - 6852
Email: Colton@CBoylesLaw.com

Dale Saran
19744 W 116th Terrace
Olathe, KS 66061
Telephone: 508-415-8411

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Colorado    ▼

| | |
|---|---|
| Dan Robert, SSGT US Army, Hollie Mulvihill, SSGT USMC, and other similarly situated indivduals<br><br>_____<br>*Plaintiff(s)*<br>v.<br>LLOYD AUSTIN, in his official capacity as Secretary of Defense, US Department of Defense, XAVIER BECERRA, in his official capacity as Secretary of US Department of Health and Human Services, and<br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    Lloyd Austin
Secretar of Defense
1000 Defense
Pentagon, Washington DC 20301-1000

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Todd Callender, Esq.
600 17th St.
Suite 2800 South
Denver, CO 80202

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____                          _____
                                                              *Server's signature*

                                               _____
                                                              *Printed name and title*

                                               _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

Case 1:21-cv-02228   Document 1-2   Filed 08/17/21   USDC Colorado   Page 1 of 2

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dan Robert, SSGT US Army, Hollie Mulvihill, SSGT USMC. and other similarly situated individuals

**DEFENDANTS**

Lloyd Austin, in his official capacity as Secretary US Dept. of Defense. Xavier Becerra. in his official capacity as

**(b)** County of Residence of First Listed Plaintiff   North Carolina
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Todd Callender (Tel: 720.704.7929)
600 17th ST, Suite 2800 South, Denver CO 80202

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane      ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product      Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability      ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &      Pharmaceutical Slander      Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'      Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | Liability      ☐ 368 Asbestos Personal ☐ 340 Marine      Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product      Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability      **PERSONAL PROPERTY** ☐ 350 Motor Vehicle      ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle      ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability      ☐ 380 Other Personal | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal      Property Damage Injury      ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury -      Product Liability | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) | Exchange |
| | Medical Malpractice | Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**          **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights      **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting      ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment      ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/      Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations      ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -      ☐ 535 Death Penalty Employment      **IMMIGRATION** | | 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| | ☐ 446 Amer. w/Disabilities -      ☐ 540 Mandamus & Other Other      ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 448 Education      ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | State Statutes |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
10 USC §1107(a)
Brief description of cause:
Declaratory judgment on waiver of informed consent under 10 USC § 1107

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
08/17/2021

SIGNATURE OF ATTORNEY OF RECORD
s/ Todd Callender

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
   United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
   United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
   Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
   Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
   Original Proceedings. (1) Cases which originate in the United States district courts.
   Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
   Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
   Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
   Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
   Multidistrict Litigation -- Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
   Multidistrict Litigation -- Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
   **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



# Appendix C
# Medical and Administrative Exemption Codes
This appendix gives details about medical and administrative exemption codes, as well as information on duration.

## C–1. Medical exemption codes
Medical exemption codes appear in table C–1.

**Table C–1**
**Medical exemption codes**

| Code | Meaning | Explanation of example | Duration |
|------|---------|------------------------|----------|
| MD | Medical, declined | Declination of optional vaccines (not applicable to military required vaccinations). | Indefinite |
| MA | Medical, assumed | Prior immunization reasonably inferred from individual's past experiences (for example, basic military training), but documentation missing. Code used to avoid superfluous immunization. Code can be reversed upon further review. | Indefinite |
| MI | Medical, immune | Evidence of immunity (for example, by serologic antibody test ); documented previous infection (for example, chickenpox infection); natural infection presumed (for example, measles, if born before 1957). | Indefinite |
| MP | Medical, permanent | HIV infection, prolonged or permanent immune suppression, upper age limit, other contraindication determined by physician. Can be reversed if the condition changes. For tuberculosis, positive tuberculosis test. | Indefinite |
| MR | Medical, reactive | Permanent restriction from receiving additional doses of a specific vaccine. Use only after severe reaction after vaccination (for example, anaphylaxis). Report such reactions to VAERS. Code can be reversed if an alternate form of prophylaxis is available. Do not code mild, transient reactions as MR. code events referred for medical consultation as MT. | Indefinite |
| MS | Medical, supply | Exempt due to lack of vaccine supply. | Up to 90 days |
| MT | Medical, temporary | Pregnancy, hospitalization, events referred for medical consultation, temporary immune suppression, convalescent leave, pending medical evaluation board, any temporary contraindication to immunization. | Up to 365 days |

## C–2. Administrative exemption codes
Administrative exemption codes appear in table C–2.

**Table C–2**
**Administrative exemption codes**

| Code | Meaning | Explanation of example | Duration |
|------|---------|------------------------|----------|
| AD | Administrative, deceased | Individual is deceased. | Indefinite |
| AL | Administrative, emergency leave | Individual is on emergency leave. | Up to 30 days |
| AM | Administrative, missing | Missing in action, prisoner of war. | Indefinite |
| AP | Administrative, PCS | Permanent change of station. | Up to 90 days |
| AR | Administrative, refusal | Personnel involved in actions under the Uniformed Code of Military Justice, religious waiver. (Indefinite and revocable. May be revoked at any time. See paragraph 2–6b(2. | Until resolution |
| AS | Administrative, separation | Pending discharge, separation (typically within 60 days), and retirement (typically within 180 days). | Until 180 days |
| AT | Administrative, temporary | Absent without leave, legal action pending (other than code AR). | Until 90 days |
| NR | Not required | Individuals who received immunization while eligible, subsequently changed occupational category and now serve as civilian employees or contract workers not otherwise required to be immunized. | Indefinite |