November 8, 2021

Dear Congressperson,

I am an active duty U.S. naval officer and hereby submit to you, and by extension the U.S. Congress, the enclosed sworn affidavit in accordance with the Military Whistleblower Protection Act (10 U.S.C. § 1034) demonstrating that the COVID-19 vaccine mandate constitutes an illegal order. Please note time is of the essence, as the U.S. Navy COVID-19 mandatory vaccination deadline is November 28, 2021. Therefore, I would respectfully request Congress immediately conduct formal inquiry into U.S. Navy and Department of Defense unlawful conduct that violates multiple U.S. statutory laws and in doing so, the human right to bodily autonomy with respect to experimental medicine. No U.S. citizen can be mandated Emergency Use Authorized (EUA) labeled (experimental) medicine, which is the only type of COVID-19 vaccine available to consumers in the United States. The Food and Drug Administration (FDA) clearly stated on November 8, 2021, "[i]n the U.S., there are no licensed vaccines or anti-viral drugs for the prevention of COVID-19." I standby available to your office via: jayfurman@protonmail.com. Listed below are links to two papers for more context on military vaccine mandates.

1. https://www.revolver.news/2021/09/big-pharma-shell-game-military-mandatory-vaccinations/
2. https://www.revolver.news/2021/08/navy-commander-warns-national-security-threat-from-mandatory-vaccination/

Additionally, you can visit this website to learn which lawmakers support safeguarding Service Member's basic civil liberties: www.thecontrolgroup.us. Thank you, in-advance, for your swift attention to this grave non-partisan matter.

Sincerely,

J. H. Furman, CDR USN

cc:   U.S. Senate Committee on Armed Services
      U.S. Senate Committee on Homeland Security and Governmental Affairs
      U.S. House Armed Services Committee
      U.S. House Office of Inspector General

**THIS DAY, 08 NOVEMBER 2021,**

**UNDER SWORN AFFIDAVIT I, COMMANDER JAMES HOUSLEY FURMAN, UNITED STATES NAVY,**

**IN ACCORDANCE WITH THE MILITARY WHISTLEBLOWER PROTECTION ACT (10 U.S.C. § 1034),**

**HEREBY ATTEST THAT THE COVID-19 VACCINE MANDATE CONSTITUTES AN ILLEGAL ORDER AND SUBMIT THE FOLLOWING STATEMENT TO THE UNITED STATES CONGRESS.**

LEGAL BASIS: Per 10 USC Sec. 1107a, DoD Instruction 6200.02 (February 27, 2008), Section 564 (21 U.S.C. 360bbb-3) and SECDEF Memo dtd 24 AUG 2021, the Assistant Secretary of Defense (Health Affairs) (Memo dtd 14 SEP 2021) and Assistant Secretary of the Navy (Memo dtd 08 SEP 2021) <u>do not have the authority to mandate vaccination of service members with the Pfizer-BioNTech COVID-19 vaccine</u> that remains under Emergency Use Authorization per FDA letters from December 11, 2020 to November 8, 2021.

1. On 23 August 2021, the U.S. Food and Drug Administration (FDA) approved BioNTech Manufacturing GmbH (Mainz, Germany) Biologics License Application (BLA) for manufacture the product, COVID-19 Vaccine, mRNA, with the proprietary name, COMIRNATY. COMIRNATY is currently the only FDA-licensed COVID-19 vaccine. Pfizer-BioNTech, Moderna and Janssen COVID-19 vaccines currently remain under Emergency Use Authorization per the FDA.

2. On 24 August 2021, SECDEF issued a Memorandum for Senior Pentagon Leadership stating "[m]andatory vaccination against COVID-19 will only use COVID-19 vaccines that receive <u>full licensure</u> from the Food and Drug Administration (FDA) in accordance with FDA-approved labeling and guidance." (emphasis added) Note: DoD News Aug 25, 2021, "Kirby [John F. Kirby, Pentagon press secretary] said vaccines other than Comirnaty will not be mandatory, but that could change if the FDA issues full approval for others."

3. Subsequent ALNAV (dtd 30 Aug 2021) and NAVADMIN (dtd 31 Aug 21) state vaccinations are mandatory utilizing vaccines that have received <u>full licensure</u> from the FDA <u>or</u> voluntary vaccines with Emergency Use Authorization (EUA).

4. On 3 September 2021, Navy Bureau of Medicine and Surgery (BUMED) issued a Memorandum stating "Navy medical providers can use Pfizer-BioNTech doses previously distributed under the EUA to administer <u>mandatory</u> vaccinations." (emphasis added) BUMED's memo directly contradicts SECDEF's Memo (24 AUG 2021) which clearly states mandatory COVID-19 vaccines require FDA-licensure. To date, Pfizer-BioNTech COVID-19 Vaccine remains under EUA. BUMED lacks FDA vaccine approval authority and the authority required to mandate EUA vaccinations for service members under 10 USC Sec. 1107a and Section 564 (21 U.S.C. 360bbb-3). Per 10 USC Sec. 1107a, waiver of mandatory use of "a

product authorized for emergency use under section 564 of the Federal Food, Drug, and Cosmetics Act to members of the Armed Forces...the condition described in section 564(e)(1)(A)(ii)(III)…, designed to ensure that individuals are informed of an <u>option to accept or refuse</u> administration of a product, may be waived only by the <u>President</u> only if the President determines, in writing, that complying with such requirement is not in the <u>interests of national security</u>." (emphasis added)  NOTE: RDML Gillingham does not have legal authority to alter SECNAV/SECDEF orders, FDA-licensure ability and/or EUA use waiver per 10 USC Sec1107a.  This Memo is at most a medical opinion with no punitive action.

5. On 8 September 2021, Assistant SECNAV issued a Memorandum incorrectly stating "[o]n 23 August 2021, the U.S. Food and Drug Administration (FDA), per reference (c) (Comirnaty Biologics License Application Approval, dtd 23 Aug 2021), approved the first COVID-19 vaccine, Pfizer-BioNTech, for the prevention of COVID-19…and announced that the vaccine will be marketed as Comirnaty."  Per the BLA issued by the FDA on 23 August 2021, the product is referenced as "COVID-19 Vaccine, mRNA" with the proprietary name "COMIRNATY" <u>not</u> "Pfizer-BioNTech COVID-19 Vaccine" which is the current name of the COVID-19 vaccination produced by Pfizer, Inc. under EUA.  The Memorandum further states "Navy medical providers can use Pfizer-BioNTech doses previously distributed under the EUA to administer <u>mandatory</u> vaccinations." (emphasis added)  Assistant SECNAV memo directly contradicts SECDEF's Memo (24 AUG 2021) which clearly states mandatory COVID-19 vaccines require FDA-licensure. ASECNAV does not have FDA-licensing authority for vaccinations nor the authority to mandate EUA vaccines (in particular Pfizer-BioNTech COVID-19 Vaccine) to service members under DoDI 6200.02, Section 564 (21 U.S.C. 360bbb-3), 10 U.S.C. Sec. 1107a, FDA letters of EUA dated Dec 11, 2020 to Sep 22, 2021, or SECDEF Memo dtd 24 AUG 2021.

6. On 14 September 2021, Assistant SECDEF(Health Affairs) issued a Memorandum "SUBJECT: Mandatory Vaccination of Service Members using Pfizer-BioNTech COVID-19 and Comirnaty COVID-19 Vaccines".  The Memorandum states Comirnaty and Pfizer-BioNTech COVID-19 vaccines are "interchangeable".  The Memorandum further states "DoD health care providers will use both the Pfizer-BioNTech COVID-19 vaccine and the Comirnaty COVID-19 vaccine interchangeably for the purpose of vaccinating Service members in accordance with Secretary of Defense Memorandum, "Mandatory Coronavirus Disease 2019 Vaccination of Department of Defense Service Members," August 24, 2021. Per DoDI 6200.02 Sec 5.2.1, ASD(HA) may approve the use of a product under EUA, however such request "[s]hall, when using products under a force health protection program pursuant to an EUA, comply with Enclosure 3, Federal Food Drug and Cosmetic Act Section 564 (Reference (d)), section 1107a of Reference (e) and applicable FDA requirements." (emphasis added)  Section 564 <u>requires the option to accept or refuse the product</u>, 1107a requires Presidential waiver for mandatory use of an EUA for service members for national security, and the FDA letter of Sep 22, 2021 reiterates the use of Pfizer-BioNTech COVID-19 Vaccine under EUA remains subject to Section 564. Because ASD(HA) memo does not comply with DoDI 6200.02, Section 564 (21 U.S.C. 360bbb-3), 10 U.S.C. Sec. 1107a, FDA letter of EUA dated Sep 22, 2021, or SECDEF Memo dtd 24 AUG 2021, ASD(HA) does not have authority to mandate EUA vaccines (in particular Pfizer-BioNTech COVID-19 vaccine) to service members.  NOTE: ASN(M&RA) appears to have authorized BUMED's actions based on BUMED's own Memo.  ASN(M&RA) does not have legal authority to alter SECNAV/SECDEF orders, FDA-licensure ability and/or EUA use waiver per 10 USC Sec1107a.  This Memo is at most a medical opinion with no punitive action.

7. FDA has issued multiple letters to Pfizer, Inc. since the initial grant of EUA on December 11, 2020.  On 22 September 2021, FDA issued a letter to Pfizer, Inc. extending/modifying the Emergency Use Authorization (EUA) for the use of "Pfizer-BioNTech COVID-19 Vaccine…" pursuant to Section 564 of

the Act (21 U.S.C. 360bbb-3), "subject to terms of any authorization issued under that section." Note: Section (e)(1)(A)(ii) and (III) Conditions of Authorization, Unapproved product, Required conditions, "…individuals to whom the product is administered are informed…of the <u>option to accept or refuse administration of the product</u>…" (emphasis added) The FDA's letter states numerous times that the COMIRNATY (COVID-19 Vaccine, mRNA) is an FDA-licensed vaccine and Pfizer-BioNTech COVID-19 Vaccine is authorized under the EUA distinguishing the difference between the two vaccines. The FDA letter further states that the "products are legally distinct with certain differences". The letter states that the EUA of Pfizer-BioNTech COVID-19 Vaccine meets the criteria for issuance of the authorization in part because "[t]here is no adequate, approved, and available alternative Pfizer-BioNTech COVID-19 Vaccine to prevent COVID-19." The footnote states "[a]lthough COMIRNATY (COVID-19 Vaccine, mRNA) is approved to prevent COVID-19 in individuals 16 years of age and older, <u>there is not sufficient approved vaccine available for distribution</u> to this population in its entirety at the time of reissuance of this EUA." (emphasis added) The letter re-iterates numerous times that Pfizer-BioNTech COVID-19 Vaccine is under EUA and "has not been approved or licensed by FDA", lists numerous reporting requirements as an EUA vaccine, and its EUA is only authorized for the duration of the declaration.

8. On 8 November 2021, the FDA issued a Summary Basis for Regulatory Action stating, "[i]n the U.S., there are no licensed vaccines or anti-viral drugs for the prevention of COVID-19." Therefore Service Members cannot physically comply with SECDEF 24 August 2021order, "[m]andatory vaccination against COVID-19 will only use COVID-19 vaccines that receive <u>full licensure</u> from the Food and Drug Administration (FDA) in accordance with FDA-approved labeling and guidance." (emphasis added)

9. In fact, no public or private institution is allowed to mandate EUA medical products, as found in: 21 U.S. Code 360bb-3-Authorization for medical products for use in emergencies for unapproved products (b)(2)(e)(1)(A)(ii)(III) where all recipients have "[…] the <u>option to accept or refuse</u> administration of the product…" (emphasis added) and; the FDA's own policy guidelines (section 564(e)(1)(A)(ii)) state recipients "…have the <u>option to accept or refuse</u> the EUA product". (emphasis added) Under U.S. Code 335(i)(4) and related EUA regulations further require informing patients "…that the product in question is not yet FDA approved and that the <u>receipt of such product is voluntary</u>". (emphasis added)

10. At present, a supply of FDA-licensed COMIRNATY (COVID-19 Vaccine, mRNA) is unavailable to U.S. Service Members. Therefore as such, Service Members are unable to comply with the mandatory vaccination portion of the order by SECDEF dtd 24 Aug 2021.

11. 21 USC Sec 360bbb-3(a)(2) permits emergency use of a product that is "not approved, <u>licensed,</u> or cleared for commercial distribution.." and (c)(3) if "there is <u>no adequate, approved, and available alternative</u> to the product for diagnosing, preventing, or treating such disease or condition". (emphasis added) Per (e)(1)(A)(ii) and (III) Conditions of Authorization, Unapproved product, Required conditions, "…individuals to whom the product is administered are informed…of the <u>option to accept or refuse</u> administration of the product…" (emphasis added)

12. Per 10 USC Sec 1107a, only the President has the authority to mandate the use of EUA COVID-19 vaccines to include Pfizer-BioNTech COVID-19 Vaccine. Such waiver must be in writing and in the interests of national security only if distinct criteria are met, which they are not in this case.

13. Per Department of Defense Instruction 6200.02 (February 27, 2008) in the event that an EUA granted by the Commissioner of Food and Drugs includes a condition that potential recipients are provided an <u>option to refuse administration of the product</u>, the President may, pursuant to section 1107a of Reference (e) [Sections 1107 and 1107a of title 10, United States Code], waive the option to refuse for administration of the medical product to members of the armed forces.  Such a waiver is allowed if the President determines, <u>in writing</u>, that providing members of the armed forces an option to refuse is <u>not in the interests of national security</u>.  Only the Secretary of Defense may ask the President to grant a waiver of the option to refuse.

14. The Pfizer-BioNTech COVID-19 Vaccine is not an FDA licensed vaccine and remains under EUA.  Per 21 USC Sec 360bbb-3, persons have the <u>option to refuse use of an EUA product</u>.  Only the President can mandate administration of an EUA product to Service Members, in writing, in the interests of national security.  SECDEF's Memo dtd 24 AUG 2021 clearly states mandatory vaccination for COVID-19 is limited to FDA-licensed vaccines.

15. John Doe#1 v. Rumsfeld, 297 F.Supp.2d 119 (2003). In 1998, active duty, selected National Guardsmen and civilian contractors were instructed to submit to anthrax vaccinations without their consent. Though the Anthrax Vaccine Adsorbed (AVA) was licensed for use against Anthrax by the National Institutes of Health (NIH) in 1970, FDA initiated a review of the safety, effectiveness and labeling of all biologics upon delegation of authority.  Post delegation, the AVA product label did not specify which method of anthrax exposure it protects against.  Anthrax was not licensed for aerosol exposure expected in a biological warfare environment.

Assistant Secretary of Defense (Health Affairs) wrote to the FDA's Lead Deputy Commissioner, stating that the "DoD has long interpreted the scope of the license to include inhalation exposure, including that which would occur in a biological warfare context" and inquiring "whether the FDA has any objection to our interpretation of the scope of the licensure for the anthrax vaccine." The Lead Deputy FDA Commissioner responded "I believe your interpretation is not inconsistent with the current label."  Note: Per 21 CFR Sec. 10.85(k) a statement or advice provided by an FDA employee constitutes an advisory opinion only if it is issued in writing under this section.  Any oral or written advice by an FDA employee that does not meet the requirements of Sec. 10.85(b) or Sec. 10.90, does not constitute an advisory opinion and does not bind or otherwise obligate or commit the agency to the views expressed.  The Q&A for Comirnaty fact sheet located on the FDA website which is sited by ASD(HA) Memo dtd 14 SEP 2021 is not an advisory opinion as required under 21 CFR Sec 10.85(b) or (k).

The central question before the Court was whether AVA was being used as an investigational new drug (IND) or as a drug unapproved for its intended use. Note: EUAs are intended to allow for quicker use of a product under IND and do not require Institutional Review Board (IRB) review and approval, investigators trained on investigational protocol and informed consent and reporting requirements, adverse reporting & monitoring, record keeping & access and approval lasts the length of the clinical trial (EUA lasts 1 year from the date of the emergency declaration or while declaration is in effect, whichever shorter).  The Court found the FDA, the only agency that it could properly defer to in determining AVA's status as an investigational drug, failed to provide a formal opinion as to AVA's investigational status. The Court looked at the labeling requirement under 21 CFR Sec 201.56, which mandates that "[n]o implied claims or suggestions of drug use may be made if there is inadequate evidence of safety or a lack of substantial evidence of effectiveness." In the case of AVA, the 1985 panel found insufficient data to <u>license</u> the drug for use against inhalation of anthrax.

Under the topic of Public Interest, the Court also considered Department of Defense Instruction 6200.02 and especially 10 USC Sec. 1107 which prohibit involuntary use of investigational medicine on

members of the armed forces without their consent. The Court was not convinced that requiring the DoD obtain informed consent would interfere with the smooth functioning of the military. However, if obtaining informed consent would significantly interfere with military function, they are "free to seek presidential waiver." Further, "[i]f the Executive branch determines that this is truly an exigent situation, then obtaining a presidential waiver would be an expeditious end to this controversy."

The Court concluded with "[t]he women and men of the armed forces put their lives on the line every day to preserve and safeguard the freedoms all Americans cherish and enjoy. Absent an <u>informed consent or presidential waiver</u>, the United States cannot demand that members of the armed forces to serve as guinea pigs for experimental drugs." (emphasis added)

The current situation is distinguish from Doe#1 v. Rumsfeld as follows:

1. Anthrax Vaccine Adsorbed (AVA) was licensed in 1970 by NIH for use against Anthrax, but future FDA review did not license Anthrax for aerosol exposure expected in biological warfare. In contrast, Pfizer-BioNTech COVID-19 Vaccine has never received <u>any</u> FDA licensure and remains under <u>Emergency Use Authorization</u> for use as a possible preventative to COVID-19. EUA authorization was granted on December 11, 2020, less than one year ago as opposed to AVA which was originally licensed in 1970.
2. Emergency Use Authorization (EUA) as provided to Pfizer-BioNTech COVID-19 Vaccine is intended to allow for faster use of a product than under Investigational New Drug (IND) such as AVA with <u>fewer requirements</u>, reviews, approvals, monitoring, reporting, record keeping, access and duration.

The current situation is similar to Doe#1 v. Rumsfeld as follows:

1. In both cases, Assistant Secretary of Defense (Health Affairs) relied upon a) their own interpreted scope of the license/authorization and b) FDA opinions that did not comply with 21 CFR Sec. 10.85. In the AVA and Pfizer-BioNTech COVID-19 Vaccine situations, the FDA did not issue a formal advisory opinion under 21 CFR Sec 10.85 or 10.90 to allow a specific use or licensure of the vaccine that was not already established in the initial licensure, IND or EUA. ASD(HA) Memo dtd 14 Sep 2021 states Comirnaty and Pfizer-BioNTech are "interchangeable" and providers should "use doses distributed under the EUA to administer vaccination series as if the doses were the licensed vaccine." This quote is taken out of context from the FDA Q&A for Comirnaty information sheet listed on the FDA website which does not comply with the requirements of 21 CFR Sec. 10.85(d) or (k) for an advisory opinion by the FDA.
2. In both cases, the DoD began a mass inoculation program for service members and civilian employees, without informed consent or presidential waiver as required under 10 USC Sec 1107, DoD Instruction 6200.02.
3. In both cases, DoD claim the danger to the military readiness and protection of service members is paramount in the mass inoculation program for service members without informed consent or presidential waiver.
4. In the current situation, as reported by AP News on <u>Aug 9, 2021</u>, members of the U.S. military would be required to get the COVID-19 vaccine starting in September under a plan "laid out by the Pentagon Monday and endorsed by President Joe Biden." Defense Secretary Lloyd Austin stated in a memo "I will seek the President's approval to make the vaccines mandatory no later than mid-September, or immediately upon" licensure by the Food and Drug Administration "whichever comes first." The article continues that the Pentagon plan provides time for the FDA to give final approval to the Pfizer vaccine, which was expected early

September. Without the formal approval, Secretary Austin needs a waiver from President Biden to make shots mandatory, and President Biden has already made clear he supports it.

IN SUMMARY: Service Members have been ordered to receive a fully FDA-licensed COVID-19 vaccine. All U.S. available COVID-19 vaccines remain only Emergency Use Authorized (EUA), not licensed or approved (i.e. Pfizer-BioNTech, Moderna and Jensen (J&J) EUA COVID-19 vaccines). Until there is a domestically available FDA-licensed COVID-19 vaccine (i.e. COMIRNATY) or the President issues a waiver, in writing, in the interest of national security for Service Members to mandatorily receive an EUA COVID-19 vaccine, Service Members <u>cannot</u> be mandated to receive the Pfizer-BioNTech COVID-19 Vaccine or any other EUA COVID-19 vaccine. <u>Therefore, the COVID-19 vaccine mandate is impossible to lawfully follow and constitutes an illegal order. Furthermore, in accordance with underlying Federal statutes stipulated, herein, EUA COVID-19 vaccines are not legal to mandate for any U.S. citizen, without exception.</u>

*[Signature]*

SANDRA NEWKIRK JONES
NOTARY PUBLIC
ANNE ARUNDEL COUNTY
MARYLAND
My Commission Expires 8-14-2023

*[Signature]*
J. H. Furman, CDR USN, Affiant

*[Notary Seal: Sandra Newkirk Jones, Notary Public, Anne Arundel Co.]*