## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| DANIEL ROBERT | * | |
| SSG, U.S. ARMY | * | |
| | * | |
| HOLLIE MULVIHILL | * | |
| SSGT, USMC | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:21-cv-2228-RM-STV |
| LLOYD AUSTIN | * | |
| Secretary of Defense, | * | |
| U.S.  DEPARTMENT OF DEFENSE | * | |
| Washington, D.C. 20301 | * | |
| | * | |
| and | * | |
| | * | |
| XAVIER BECERRA | * | |
| Secretary of the U.S. Department of | * | |
| Health and Human Services | * | |
| U.S. DEPARTMENT OF HEALTH | * | |
| AND HUMAN SERVICES | * | |
| | * | |
| and | * | |
| | * | |
| JANET WOODCOCK, Acting | * | |
| Commissioner of the Food & Drug | * | |
| Administration | * | |
| U.S. FOOD AND | * | |
| DRUG ADMINISTRATION | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND REQUEST FOR IMMEDIATE RELIEF

Facing the possibility of having their illegal mandate enjoined by federal courts, the

Defendants have resorted to making misrepresentations to this Court (and other federal),

ignoring court rulings, and continuing to persecute members of the Armed Forces, all in order to save themselves from the possibility of having Defendant Austin's mandate enjoined and light shined upon the Defendant FDA's complete abandonment of its regulatory oversight obligations on behalf of the American people.

The Plaintiffs, therefore, submit this Response to the Defendants' Motion to Dismiss and ask this honorable Court for immediate relief in both denying the Defendant's Motion and enjoining the Defendant's actions: the Defendants are willfully manipulating this Court's jurisdiction by discharging named plaintiffs and other members of the plaintiff class, in open and flagrant violation of the law, contradicting their own sworn filings in this case. This Court must act now while there are still members left whose rights haven't yet been destroyed by the *ultra vires* actions of the Defendants.

Jurisdiction and Deceit

1.      The Plaintiffs filed their Motion for Preliminary Injunction on Nov. 2, 2021. (ECF Dkt. #30). The Defendants Responded on Nov. 23, 2021, with a Response and Motion to Dismiss plaintiffs' claims. (ECF #36 and #37). The Plaintiffs Replied to the Response on Dec. 7, 2021, (ECF #43). The Reply included declarations from several members of the plaintiff class, some of whom also have requests for exemptions or religious accommodation pending with the Defendant DoD, but at least two of whom do not have any request for exemption pending. One of those plaintiffs, SSgt Cami Long, USMC, resides in Colorado, clearly within the ambit of this Court's jurisdiction. The other, SSG Steven Brown, USA, currently resides in Case Del Din, Italy, with his paratrooper unit. (ECF Dkt. #43-2 and #43-3.)

2.      Both of these plaintiffs submitted declarations showing themselves to be eligible members of the plaintiff class; they requested to be added as named plaintiffs to illustrate the

flawed nature of Defendants' arguments regarding jurisdiction that focused solely on the two

named plaintiffs in this case.

3.     The Defendants' Motion to Dismiss, filed with this Court on Nov. 23, 2021,

claimed that this Court lacks jurisdiction to adjudicate the named plaintiffs' claims because they

are "not ripe."

> Plaintiffs' primary grievance appears to be that they will be
> required to receive an "unlicensed drug of unknown long-term
> safety profile" and that they will be "subject to or threatened with
> disciplinary action under the Uniform Code of Military Justice
> ("UCMJ"), including adverse administrative action that would
> characterize [their] voluntary service as 'other than honorable[,]'"
> if they refuse to comply with the DoD directive. SAC ¶¶ 48, 52,
> 56, 60, 64. <u>But these claims are not ripe for judicial review because
> they rest upon "contingent future events that may not occur as
> anticipated, or indeed may not occur at all."</u>

(Defendants' Brf., at p. 10, emphasis added)

4.     Further, the Defendants claim:

> Staff Sergeant Robert has sought an exemption from the
> vaccination requirement. Ex. 15 (Decl. of Darek Wilcox)¶ 3. That
> request is pending, and he will not be required to receive the
> COVID-19 vaccination during the pendency of that
> request. Accordingly, neither Plaintiff is facing a "direct and
> immediate dilemma" as a result of the challenged DoD directive[.]

(<u>Id.</u>, p. 11, ¶1)

5.     First and foremost, this completely ignores that it is the Defendants' themselves

who control the entire exemption or religious accommodation process. This alone is ample

justification for the Court to denying the Defendants' Motion to Dismiss, as has already been

submitted in the Plaintiffs' Reply. It cannot be that the Defendants' get to control the federal

court's jurisdiction based upon the Defendant's timing of the exercise of its discretion.

6.     More importantly for this instant Response, on Friday, 10 December, just 3 days

after the Plaintiffs filed their Reply to the Defendants' combined Response and Motion to Dismiss with this court, which included SSgt Long's declaration and request to be added as a plaintiff, SSgt Long was given notice that she was being summarily discharged "for the Best Interest to [sic] the Service." That undated notification is attached as Exhibit 28.

7.      SSgt Long has more than 6 years of time in service and therefore would normally be entitled to present her case to an administrative separation board under the applicable service regulation, Marine Corps Order 1900.16 w/ ch. 2, the Marine Corps Separations and Retirement Manual ("MARCORPSEPMAN").[1] By its explicit terms, SSgt Long can only be separated without a Board by the authority of the Secretary of the Navy.

> The Secretary of the Navy may direct the separation of any Marine before the expiration of that Marine's term of service after determining that such separation is in the best interest of the Marine Corps. For example, the Secretary may use this secretarial plenary authority to separate a Marine whose personal conduct reflects discredit upon the Service, adversely affects the good order and discipline of the unit, or adversely affects the Marine's performance of duty. However, requests for this type of discharge should only be made in unusual cases where such action is essential in the interest of justice, discipline, and proper administration in the naval service.[2]

8.      To be clear, the decision to force SSgt Long out of the Marine Corps without the benefit of an Administrative Separation Board can only come from the office of the Secretary of the Navy. The SecNav reports directly to Defendant Secretary of Defense Austin.

9.      While SSgt Long's notification is deficient in several regards, including that she

---

[1] See MARCORSEPMAN, ¶6303.3.a(8)("A commanding officer must provide written notice to any Marine being recommended for separation… such notice shall include…A statement of the right to request an administrative separation board if the Marne has six or more years of total active and inactive-service[.]" Available here - https://www.marines.mil/portals/1/Publications/MCO%201900.16%20CH%202.pdf?ver=2019-02-26-080015-447

[2] Id., at ¶6214.4 ("The procedures for requesting an administrative separation board, including for a Marine with six or more years of service, do not apply.")

was not afforded her right to consult with a qualified and certified military counsel, most important is that there is no indication as to *why* she is being separated. The notification uses only the boilerplate legal grounds that it is in the "best interests of the service" without stating the reason – as it is required to do: "The notification *shall* state <u>why no other reason for separation under this Chapter is appropriate</u> and <u>why separating the Marine is in the best interest of the Marine Corps</u>."[3]

10.     In short, this action by the Defendant Austin's direct subordinate has all of the telltale signs of being a pretext to prevent SSgt Long from being a plaintiff in this case and thwarting this Court's jurisdiction. This deficient notice would also frustrate any future attempts for SSgt Long to obtain relief because she can't even point to a single word that shows she is being kicked out for refusing to take the unlicensed vaccine. At the same time that the Defendants and their counsel are arguing to this Court that plaintiffs' claims are "not ripe" because there is no possibility of being discharged, the Defendants have taken steps to remove any plaintiffs beyond the named plaintiffs from this suit. And this is not just SSgt Long.

11.     Five days after SSgt Long was given her notification to be processed for separation in the "Best Interests of the Service," on Dec. 15, 2021, the Secretary of the Navy announced via Administrative Message (NavAdmin 283/21) that commanders should begin discharging all service members who have refused this vaccine for "Misconduct" effective immediately.[4] The relevant sections for the Court's consideration include that the Defendants' agents are now doing exactly what counsel just asserted to this Court 3 weeks ago was a

---

[3] <u>Id.</u>

[4] NAVADMIN 283/21, a copy is attached to this Response as Exhibit 29. Available at – <u>https://www.mynavyhr.navy.mil/Portals/55/Messages/NAVADMIN/NAV2021/NAV21283.txt?ver=nNhu1nrr-3hkdLrBAZ_aKg%3d%3d</u> – <u>See</u> ¶2.b. "Navy service members not eligible to separate or retire on or before 1 June 2022: Process for administrative separation as soon as practicable based on <u>misconduct</u>." (emphasis added)

hypothetical and non-specific possibility.

> 2.b.(1). Less than 6 years of service: Process for separation with an HONORABLE characterization. Service members in this category are not entitled to an Administrative Separation (ADSEP) board or a Board of Inquiry.
>
> 2.b.(2). More than 6 years of service: Process for separation with a GENERAL (under honorable conditions) characterization, however, requests to waive Administrative Separation boards or Boards of Inquiry in exchange for HONORABLE characterization of service will generally be favorably endorsed (barring additional misconduct or unique circumstances).
>
> 3. Action. Commanders are now directed to conduct separation processing IAW this NAVADMIN and per references (f) through (j)…
>
> However, unless specifically waived by the CCDA based on receiving the vaccine, all other administrative actions associated with vaccine refusal described in references (b) and (c) including but not limited to pay, promotion/advancement, fitness reports/evaluations, etc. continue to apply in all cases of Navy service members refusing the vaccine.
>
> 3.c. Officer and enlisted service members separated based on vaccine refusal will not be eligible for involuntary separation pay.
>
> 3.d. Officers separated based on vaccine refusal who have not completed a service obligation incurred by attending the U.S. Naval Academy, receipt of a Naval Reserve Officers Training Corps Scholarship, or receipt of other advanced education funds will be required to repay their educational expenses IAW existing agreements.

12.     Members with less than 6 years will not receive a Board and will be administratively discharged because they are asserting their statutory rights under 10 U.S.C. §1107a. They will be removed from the plaintiff class as they will no longer be members of the military. Members with more than 6 years will be threatened with a General Under Honorable Conditions discharge, which – in accordance with the references – would entitle loss of their Post-9/11 GI Bill benefits. Having serve your country in time of war, this is the payback for pointing out that the government shouldn't – and can't legally – use an unlicensed vaccine on its

own citizens.[5] As the cited MarAdmin shows, if a Marine has already transferred their GI Bill benefits to a child who has used them, the service member will *now be indebted to the federal government* for any monies paid, for asserting their statutory rights under 10 U.S.C. §1107a and refusing to be a subject in an unwanted medical experiment.

13.     On Dec. 13, 2021, the AP news reported that the DoD had discharged 27 members of the Air Force for refusing to take an unlicensed vaccine,[6] in flagrant and open contempt of 10 U.S.C. §1107a – and a federal judge's explicit ruling in that the Defendants cannot use the unlicensed EUA product BNT162b2 "interchangeably" with the licensed Comirnaty product. "The DOD acknowledges that the President has not executed a wavier under this section, so as things now stand, the *DOD cannot mandate vaccines that only have an EUA*."[7]

14.     Whether coincidental or not, since the plaintiffs filed their Reply pointing out the Defendants' patently illegal mandate, the Defendant DoD appears to have begun a systematic campaign to discharge all of those who remain left to challenge the mandate. These actions are an open flouting of the federal judiciary's authority. Regardless of what the Court decides, the Defendants in this case have completely misrepresented themselves to the Court and are engaged in a willful fraud on several different Courts, claiming that the courts have no jurisdiction

---

[5] See MARADMIN 612/21, 23 Oct 2021, available here – https://www.marines.mil/News/Messages/Messages-Display/Article/2820695/supplemental-guidance-2-to-mandatory-covid-19-vaccination-of-marine-corps-activ/ "3.h. Marines separated for vaccination refusal will not be eligible for involuntary separation pay and will be subject to recoupment of any unearned special or incentive pays and advance educational assistance. Marines who do not complete their service obligation for Transfer of Education Benefits will *lose their eligibility to retain transferred Post-9/11 GI Bill benefits and may be subject to recoupment if the Veterans Affairs has already processed a payment for transferred benefits.*" (emphasis added).

[6] See AP News, "Coronavirus: Air Force discharges 27 for refusing to get COVID vaccine," available here – https://apnews.com/article/coronavirus-pandemic-health-257b231698d17ab3c6aef71867520346?utm_medium=AP&utm_campaign=SocialFlow&utm_source=Twitter

[7] Doe v. Austin, 3:21-cv-1211, Dkt. #47, p.12.

because there really are no harms at all, and then kicking out the only people who have had the temerity to stand up to these illegal actions.[8]

<u>Procedural History and Background</u>

15.     The plaintiffs in this filed their First Amended Complaint on Oct. 6, 2021, (ECF Dkt. #29) on behalf of themselves and two classes of military service member plaintiffs. The complaint asks for separate relief for each class based upon the nature of the claims. The first class is all members of the Armed Forces subject to Defendant Austin's mandate to be inoculated *only* with a product that has received full licensure from the FDA. The crux of that claim is that Defendant Austin (on behalf of the DoD) has, either by gross neglect or knowingly, allowed members of the military to be coerced and compelled to receive an "unapproved product," whether EUA or Investigational, in plain violation of either 10 U.S.C §1107a or §1107. For this class of plaintiffs, their claims rest upon the precise licensure status of BioNTech BNT-162b2.

16.     The second class is members of the Armed Forces who have *already been infected and recovered from Covid-19* and are therefore presumptively excused from receiving a vaccine for a virus that they have already had under the Defendant Department of Defense's own military medical instructions, AR 40-562. For this class of Plaintiffs, the licensure status of the BioNTech product is immaterial. This claim is purely an APA claim that hinges on the DoD's arbitrary, capricious, and illogical actions with regard to its own regulations. For example, the DoD cannot claim to require testing of people in order to determine whether or not they have been infected for Covid-19 and then simultaneously say 'it doesn't matter' for purposes of being

---

[8] https://www.msn.com/en-us/news/us/more-than-100-marines-kicked-out-of-the-service-for-refusing-covid-vaccine/ar-AART0O7 - "The Marine Corps has booted 103 of its members for refusing the Covid vaccine, the service announced on Thursday, even as all the military branches report that a vast majority of troops have gotten the shots."

"fully vaccinated" – when it matters for every other respiratory or other virus or other inoculation. Natural immunity can't simply be ignored and a number of court decisions have already enjoined federal agency action in part because their "...rejection of natural immunity as an alternative is puzzling." *Louisiana et al v. Becerra, et al.*, 3:21-cv-03970, Memo. Order, Dkt 28, p. 25.

17.     For this second class of plaintiffs, the exact licensure status of the vaccine is not an *essential* element of the claim, although the Defendants' actions regarding the vaccine are certainly relevant facts in the Court's APA analysis.

18.     The Plaintiffs First Amended Complaint pleaded all of the necessary elements to make out a well-defined class claim under FRCP 23(d) for both class – both of these group are easily ascertainable, definite, and valid legal classes. Additionally, there is ample and clear precedent for pleading by military plaintiffs for relief in lieu of being punished and then asking for post-punishment relief. See, e.g., *Doe v. Rumsfeld*, 341 F.Supp.2d 1 (D.D.C. 2004); see also *Witt v. Department of the Air Force*, 527 F.3d 806 (9th Cir. 2008)(sustaining facial challenge to the DoD's "Don't Ask, Don't Tell" policy).

19.     The Defendants – and their counsel – are engaged in willful, widespread, systemic fraud on the federal courts of this country in order to deprive service members of their day in court. It is an egregious and public flouting of the Article III courts of this Nation and the Constitution, the same one that the service members have sworn an oath to protect and defend with their very lives.

20.     These are not specious allegations – they're matters of public record. The Defendants aren't even trying to hide their disregard for the federal courts. As the plaintiffs here have already shown, Judge Winsor was misled during oral argument and told by Defendants

counsel that the licensed Comirnaty product was available and that the Defendants had

"hundreds of thousands" of shots available:

> Notably, though, the plaintiffs have shown that the DOD is requiring
> injections from vials not labeled "Comirnaty." Indeed, defense counsel
> could not even say whether vaccines labeled "Comirnaty" exist at all.
> (Although the DOD's response said it had an adequate Comirnaty
> supply, it later clarified that it was mandating vaccines from EUA-
> labeled vials.)
> …
> The DOD claims it possesses "hundreds of thousands of BLA-
> compliant vaccine doses that are EUA-labeled, and is using them." If
> the DOD is, in fact, administering Comirnaty (albeit EUA-labeled
> Comirnaty), the plaintiffs' § 1107a issue disappears.[9]

21.    As the plaintiffs have already shown, Comirnaty isn't available and it can't be

available as a matter of law. These aren't matters amenable to interpretation: the Defendants own

websites, databases, public records, and the manufacturer's required public filings, all show that

there is no Comirnaty.

> COMINARTY products are not orderable at this time. NDCs are
> listed per FDA Structured Product Label (SPL) document for the
> BLA licensed product. These codes are not included in CDC
> Vaccine Code Set files at this time.[10]

22.    The plaintiffs, and all who serve in the Nation's Armed Forces, are watching

these cases, as is the American public. What they are witnessing is the systematic disdain that

senior members of this Administration and the attorneys who represent them have for both the

people who serve and now the judiciary that might potentially stop this illegal mandate.


Wherefore, Plaintiffs respectfully pray for the following relief:

a.   An immediate Order to all Defendants to stop the discharge of any members of the

---

[9] Doe v. Austin, at 13, 15 (internal citations omitted).
[10] See, e.g., https://www.cdc.gov/vaccines/programs/iis/COVID-19-related-codes.html

Armed Forces *pendente lite*;

b.  An immediate Order requiring all of the Defendants to provide to this Court a sworn statement regarding the reasons for beginning the mass discharge of members of the plaintiff class, including SSgt Long;

c.  An order prohibiting Defendants from retaliating against or in any other way professionally damaging Plaintiffs, and any other service member objecting to inoculation with the Pfizer-BioNTech EUA product; and

d.  For any other additional relief as this court deems equitable and proper.

Dated this 16th day of December, 2021.

Respectfully submitted,

_____/s/ *Dale Saran*_____
Dale Saran, Esq.
MAJ, USMCR (Ret).
dalesaran@gmail.com
19744 W. 116th Terrace
Olathe, KS 66061
(480)-466-0369

_____/S/ *Todd Callender*_____
Todd S. Callender, Esq.
Colorado Bar #25981
Disabled Rights Advocates PLLC
600 17th St., Suite 2800
Denver, CO 80202
(303) 228 7065, Ext. 7068
todd@dradvocates.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I certify that on Dec. 16th, 2021, I electronically filed the above-captioned Reply and

Exhibits with the Clerk of Court using the CM/ECF system.

        */s/ Todd S. Callender*
        Todd Callender, Esq.
        Colorado Bar #25981
        600 17th St., Suite 2800
        South Denver, CO 80202
        Telephone: (720) 704-7929
        Email: todd@dradvocates.com
        Attorney for the Plaintiffs

        */s/ Dale Saran*
        Dale Saran, Esq.
        MA Bar #654781
        19744 W 116th Terrace
        Olathe, KS 66061
        dalesaran@gmail.com
        Telephone: 480-466-0369
        Attorney for the Plaintiffs