IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-02228-RM-STV

DAN ROBERT, SSG, U.S. Army,
HOLLIE MULVIHILL, SSgt, U.S. Marine Corps, and other similarly situated individuals,

    Plaintiffs,

v.

LLOYD AUSTIN, in his official capacity as Secretary of Defense, U.S. Department of Defense,
XAVIER BACERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services, and
JANET WOODCOCK, in her official capacity as Acting Commissioner of the U.S. Food and Drug Administration,

    Defendants.

---

## ORDER

---

Before the Court are Plaintiffs' Motion for Preliminary Injunction (ECF No. 30) and Defendants' Motion to Dismiss (ECF No. 36), which they have combined with their Opposition to Plaintiffs' Motion with the Court's permission. Plaintiffs filed a Reply in support of their Motion (ECF No. 43) and, belatedly, a separate Response to the Motion to Dismiss (ECF No. 46). Defendants then filed a Reply (ECF No. 47) in support of their Motion. Also pending is a Motion for Leave to File Amicus Curiae (ECF No. 42), filed by Pritish Vora, "an individual concerned U.S. citizen" who is not an attorney. For the reasons below, the Court denies Plaintiffs' Motion, grants Defendants' Motion, and denies the Motion for Leave.

## I. LEGAL STANDARDS

### A. Preliminary Injunction

To obtain injunctive relief, a plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). The final two requirements merge when the government is the opposing party. *See Nken v. Holder*, 556 U.S. 418, 435 (2009). An injunction is an extraordinary remedy, and therefore the plaintiff must demonstrate a right to relief that is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). The fundamental purpose of preliminary injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be held. *Id.*

### B. Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Although the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction, "[a] court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Smith v. Krieger*, 643 F. Supp. 2d 1274, 1289 (D. Colo. 2009) (quotation omitted).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

      **C.**    **Leave to File a Brief as Amicus Curiae**

Participation as an amicus to brief and argue as a friend of the court is a privilege within the sound discretion of the courts and is contingent on a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice. *See United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991).

**II.**    **BACKGROUND**

Plaintiffs are members of the military who were stationed in North Carolina when they brought this action on behalf of themselves as well as all other similarly situated active-duty National Guard and Reserve service members who are subject to Department of Defense regulations and have been ordered by the Secretary of Defense, Defendant Austin, to take a Covid-19 vaccine. (ECF No. 29 at 1-2.) As "documented survivors of Covid-19," they assert that have acquired immunity that is "at least as effective" as that achieved via vaccination, and they seek temporary and permanent injunctive relief preventing their forced vaccination. (*Id.*

at 2-3.) In addition to asserting class action allegations, the Amended Complaint asserts claims for (1) violation of the Administrative Procedure Act, (2) violation of 10 U.S.C. § 1107, (3) violation of 10 U.S.C. § 1107a, (4) violation of 50 U.S.C. § 1520, and (5) violation of the Fourteenth Amendment.

### III.  ANALYSIS

As a threshold matter, the Court finds there are two—and only two—Plaintiffs in this case. Although the Amended Complaint contains "class action allegations," the Court has not certified any class, and Plaintiffs have not even filed a motion for class certification. *See* Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues . . . as a class representative, *the court must determine by order* whether to certify the action as a class action." (emphasis added)). Plaintiffs' attempt to incorporate two additional non-parties via a footnote in their Reply (ECF No. 43 at 5 n.7) is wholly inadequate. Thus, for present purposes, the only relevant allegations are those pertaining to Plaintiffs Robert and Mulvihill.

The Court next considers the issues of standing and ripeness, both in terms of whether Plaintiffs have established a likelihood of success on the merits and whether Defendants' Motion should be granted. "The doctrines of standing and ripeness substantially overlap in many cases." *S. Utah Wilderness Alliance v. Palma*, 707 F.3d 1143, 1157, (10th Cir. 2013). To satisfy Article III's standing requirements, a plaintiff must show: (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 1153. In evaluating ripeness, often characterized as standing on a timeline, "the central focus

is on whether the case involves uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all." *Id.* at 1158 (quotation omitted).

Defendants assert that Plaintiffs' claims are not yet ripe because Plaintiff Robert has requested an exemption from the vaccination requirement, which remains pending, and Plaintiff Mulvihill has sought and obtained a temporary medical exemption from the vaccination requirement. (ECF No. 36 at 13-14.) Moreover, they argue, were the exemptions to be denied or expire, the military has extensive administrative procedures that offer Plaintiffs multiple opportunities to present their arguments to their respective branches and allow for those branches to respond. In response, Plaintiffs contend that since Defendants control the exemption process, "[i]t cannot be that [they] get to control the federal court's jurisdiction based upon [their] timing of the exercise of [their] discretion." (ECF No. 46 at 3, ¶ 5.) However, on the current record, the Court finds there is no basis to assume that Plaintiffs' exemptions will be denied or revoked.

Under similar circumstances in *Church v. Biden*, 2021 WL 5179215, at *10 (D.D.C. Nov. 8, 2021), the court concluded that two active-duty Marines' claims of harm rested on theories of injury that were speculative and contingent on their pending appeals being denied— an outcome that might never come to pass. In finding the Marines' claims nonjusticiable, the *Church* court also cited the well-established principle that a court should not review internal military affairs in the absence of exhaustion of available interservice corrective measures, concluding that "[g]ranting the urgent injunctive relief sought by the Service Member Plaintiffs would require the Court to adjudicate internal military affairs before the military chain of command has had full opportunity to consider the accommodation requests at issue." *Id.* at *10- 11.

The Court agrees with the rationale in *Church* and concludes that Plaintiffs' claims involve uncertain and contingent events that may not occur as anticipated. As noted in the Court's previous Order, Plaintiffs' contention that they may be subject to discipline for refusing to take a vaccine appears to be based on nothing more than speculation. Because Plaintiffs have not established that their claims are justiciable, a fortiori, they cannot establish a likelihood of success on the merits or a clear and unequivocal right to injunctive relief. *See id.* at *8 ("The merits on which plaintiff must show a likelihood of success encompass not only substantive theories but also establishment of jurisdiction." (quotation omitted)). Moreover, in the absence of a justiciable claim, Defendants are entitled to dismissal of this case.[1]

With respect to the Motion for Leave and the proposed amicus brief proffered by Pritish Vora, the Court finds the information therein is not useful or otherwise necessary to the administration of justice, and therefore the Court declines to consider it further.

## IV.  CONCLUSION

Accordingly, the Court DENIES Plaintiffs' Motion for Preliminary Injunction (ECF No. 30), GRANTS Defendants' Motion to Dismiss (ECF No. 37), and DENIES the Motion for Leave (ECF No. 42). The Clerk is directed to CLOSE this case.

DATED this 11th day of January, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge

---

[1] Separate and apart from this basis for dismissal of Plaintiffs' claims, the Court notes the complete lack of allegations pertaining to any conduct by Defendants Bacerra and Woodcock, sued in their official capacities as representatives of the U.S. Department of Health and Human Services and the U.S. Food and Drug Administration, respectively, that could be deemed to state a claim against either entity.